RICE v. ROCKEFELLER et al.

(*Supreme Court, Special Term, New York County.* May 28, 1888.)

PLEADING—BILL OF PARTICULARS—WHEN ALLOWED.
In an action to compel the trustees of a certain trust to transfer to plaintiff stock in such trust owned by him, the answer alleged that plaintiff, to advance his own business, to injure the companies constituting the trust, and to annoy defendants,

had instituted suits against several of the companies, was stirring up litigation, and had offered to cease such litigation if a large sum of money should be paid for his business property.  *Held*, that plaintiff is entitled to a bill of particulars of the acts, times, and places referred to in the answer.

At chambers.    On motion for a bill of particulars.

*Bartlett, Wilson & Hayden*, for plaintiff and the motion.    *S. C. T. Dodd*, for defendants, opposed.

LAWRENCE, J.    The plaintiff alleges that he owns certain shares of stock in the Standard Oil Trust, and seeks to compel the trustees of said trust to transfer to him on their books said stock, and to issue to him a certificate in his own name therefor.    The defendants, in the seventh paragraph of their answer, allege "that the plaintiff is now, and for a long time past has been, engaged in the business of manufacturing and dealing in oil products, in competition with the companies whose stocks are held by these defendants in trust; that in order to advance his own business, and to injure the business of said companies, he has diligently and persistently sought to become acquainted with the methods of business and private affairs of said companies and of said trustees; that he has used efforts to injure the business of said companies; that he has instituted litigation, and now has suits pending, against certain of said companies; that he is now seeking to have further litigation instituted for the purpose of declaring said trust agreement void, and to annul the charters of the companies whose stocks are held in said trust; and that, while thus attempting to harass, annoy, and injure, the plaintiff has, by himself and his agents, caused it to be made known to these defendants that if large sums of money, to-wit, the sum of five hundred and fifty thousand dollars, ($550,000.00,) was paid to him by defendants for his refining property, he would cease to institute and stir up litigation, and to harass and annoy these defendants."    The plaintiff moves for a sworn bill of particulars of the particular acts, etc., and of the times and places, etc., referred to in the seventh paragraph of the answer.    On the argument of the motion I was inclined to think that the plaintiff did not require such particulars, because he must know better than the defendants "the details about which he seeks information."    Upon examining the authorities, I am, however, convinced that that impression was erroneous.    See *Tilton* v. *Beecher*, 59 N. Y. 190, remarks of RAPALLO, J.    I think that the plaintiff is entitled to know just what the acts and facts are which are referred to in the seventh paragraph of the answer; and on the authority of the case just cited, and of the cases of *Dwight* v. *Insurance Co.*, 84 N. Y. 493; *Kelsey* v. *Sargent*, 100 N. Y. 602, 3 N. E. Rep. 795; *Kraft* v. *Dingee*, 38 Hun, 345; and *People* v. *Nolan*, 10 Abb. N. C. 471,—this motion will be granted, with costs.