RICE *v.* ROCKEFELLER *et al.*

*(Supreme Court, General Term, First Department.* November 23, 1888.)

PLEADING—BILL OF PARTICULARS—WHEN ALLOWED.

> In an action to compel the trustees of a certain trust to transfer to plaintiff stock in such trust owned by him, the answer alleged that plaintiff, to advance his own business, to injure the companies constituting the trust, and to annoy defendants, had instituted suits against several of the companies, was stirring up litigation, and that his purpose in obtaining the transfer was to further harass them and extort money, and that he had offered to cease such litigation if a large sum of money should be paid for his business. *Held,* that as to the general averments, including no specific or particular things alleged against plaintiff, which have very little, if anything, to do with plaintiff's rights, a bill of particulars was unnecessary.

Appeal from special term, New York county; LAWRENCE, Justice.

From an order granting plaintiff's motion for bill of particulars, (1 N. Y. Supp. 222,) defendants appeal.

Argued before VAN BRUNT, P. J., and BARTLETT and DANIELS, JJ.

*Evarts, Choate & Beaman, (Joseph H. Choate,* of counsel,) for appellants. *Bartlett, Wilson & Hayden, (Edward T. Bartlett,* of counsel,) for respondent.

DANIELS, J. The object of the action is to secure the transfer upon the books of the Standard Oil Trust six shares of stock owned in it by the plaintiff in the action, and for the dividends accruing upon these shares while he has been the holder thereof. The seventh subdivision of the answer alleged, among other things, that the plaintiff had diligently and persistently sought to become acquainted with the methods of business and private affairs of the companies in the trust, and of the trustees; that he had caused it to be made known to the defendants that he would cease to institute and stir up litigation, and to harass and annoy them, in case the sum of $550,000 should be paid to him for his refining property; and that his purpose in demanding a transfer of the certificates was not in good faith, but to become a beneficiary under the trust, to obtain a pretext for further vexatious and harassing litigation with the defendants, and to extort money from them. These are allegations which have plainly very little, if anything, to do with the right of the plaintiff on which the action has become dependent; and it is in nowise important to the plaintiff to be apprised more fully of the particulars of these

statements, for the trial of the action, than he has been by the answer itself. As to these general averments, including no specific or particular thing alleged against the plaintiff which it is important for him to understand more fully in the litigation, a bill of particulars was unnecessary. But the answer has further averred that the plaintiff has used efforts to injure the business of the companies, and has instituted litigation, and has suits pending against certain of the companies, and is now seeking to have further litigation instituted, for the purpose of declaring said trust agreement void, and to annul the charters of the companies whose stock was held in trust. These averments have reference to particular acts in which it is charged that the plaintiff has been engaged; and the answer is so general that it has not pointed to, or distinguished them in such a manner as to enable him to understand what the efforts or acts are which are designed to be the foundation of these allegations. As to them it may be important that he should be intelligently advised and informed before the trial can take place; and, if he has been concerned in them, no difficulty whatever will arise to prevent the defendants from informing him precisely to what these general allegations refer. As to them the defendants will be able to make and serve a bill of particulars, as that has been directed in the order. So far it seems to have been well founded. But, as to the other directions contained in it, the allegations are not directed to any particular acts concerning which it is or will be important for the plaintiff to know any more than has been stated to enable him intelligently and understandingly to try the action. The order should be modified by striking out the first paragraph, directing the service of a bill of particulars, and also the first and second sentences of the fourth paragraph, and retaining the second and third paragraphs of the order, directing the defendants to serve the bill of particulars to the extent already indicated; and this modification should be without costs of the appeal to either party.

VAN BRUNT, P. J., and BARTLETT, J., concur.