HOENINGHAUS *et al. v.* CHALEYER *et al.*

(*Supreme Court, General Term, First Department.* March 29, 1889.)

1. PLEADING—BILL OF PARTICULARS BEFORE ANSWER—AFFIDAVIT.
    In an action for breach of contract defendants' attorney, in support of a motion for bill of particulars, filed an affidavit in which he swore positively that his clients "have not neglected or failed to carry out any agreement made with these plaintiffs, and that on account of their strict and full compliance with any and all agreements made by them it is impossible to serve any answer with any degree of safety, unless it be known in what particular way the defendants violated any agreement," with whom they violated it, and what particular amount of damages plaintiff sustained. *Held,* that the affidavit, if true, showed that a bill of particulars was unnecessary.

2. SAME.
    The affidavit of the attorney also stated "that, from conversations had with the defendants, he states that the defendants did not know, and have no knowledge, directly or indirectly," as to how the claim for damages was made up. *Held* in-sufficient. The affidavit of want of knowledge should have been made by the parties.

Appeal from special term, New York county.

Action by Hoeninghaus & Curtiss against Chaleyer & Monnier for a breach of a contract by the defendants to procure consignments for plaintiffs. The

complaint alleged, among other things: "That on or about May 30, 1884, the plaintiffs and defendants duly entered into an agreement, wherein and whereby it was, among other things, duly agreed, in consideration of the mutual covenants therein contained, that the plaintiffs were to procure consignments of goods to the defendants, and should receive a certain commission upon all such consignments; that defendants were to do all that they could; that all goods which they should have to make delivery of in New York should be delivered by the plaintiffs; that defendants should not represent or work for any other New York house, the then existing house of Herdt & Von Bermuth excepted, in articles in which plaintiffs did business, and not to obtain consignments in such articles for other houses, or bring other houses into connection with manufacturers who make such goods; that said agreement continued in force and effect from said date to the 1st day of September, 1886, when it was annulled by these plaintiffs, with the assent of the defendants; that during said period, from May 30, 1884, to September 1, 1886, the defendants did not keep, perform, or do the things which were by said agreement on their part to be kept, performed, and done, and did not do all that they could that the goods, such as plaintiffs did business in, which they should have to make delivery of in New York, should be delivered by these plaintiffs, and did procure that such goods which they should have to make delivery of in New York should be delivered through others than these plaintiffs, to-wit, through Passavant & Co., Mahler & Anderson, and divers other persons, and did represent and work for other New York houses than these plaintiffs, and said then existing house of Herdt & Von Bermuth, in articles in which plaintiffs did business, to-wit, for Passavant & Co., Mahler & Anderson, and divers other New York houses, and did obtain consignments in such articles for houses other than these plaintiffs, and said then existing house of Herdt & Von Bermuth, to-wit, for Passavant & Co., Mahler & Anderson, and divers other houses, and did bring houses other than these plaintiffs, and said then existing house of Herdt & Von Bermuth, into connection with manufacturers who make such goods, to-wit, the houses of Person, Harriman & Co., Passavant & Co., Mahler & Anderson, and divers other houses; that in consequence of the said neglect, failure, and refusal of the defendants to keep, do, and perform said agreement, and said acts and omissions of the defendants, these plaintiffs lost great sums which would have accrued to them as commissions and profits upon the said consignments, and were otherwise greatly damnified, to their damage twenty-five thousand dollars." A motion by defendants for a bill of particulars before answer was supported by the affidavit of Morris J. Hirsch, which stated, among other things, that "the said defendants have not answered herein for the following reasons: *First*, because it is impossible to meet the allegations of the complaint until the defendants are distinctly apprised of the nature of plaintiffs' claim, and the precise manner, and under what circumstances, they sustained the damages, if any, alleged by them; and, *secondly*, because it will be claimed and sustained that the defendants are entitled to affirmative relief herein, and to an accounting for all the matters in difference between the parties hereto. The claim for damages is alleged in a general and indefinite way, without, in the remotest degree, apprising the defendants how or in what manner the $25,000 damages were sustained, or how the said sum is made up, or upon what it is based. The defendants are not now within the city and county of New York, and deponent, from conversations had with the said defendants, and interviews had with the parties herein, states that the defendants have a good and substantial defense to this cause of action; that said defendants are not residents of this state, and therefore deponent makes this affidavit with the view of saving time, and bringing this cause of action at issue. Deponent further states that the defendants have not neglected or failed to carry out any agreement made with these plaintiffs, and that, on account of their strict and full compliance of any

and all agreements made by them, it is impossible to serve any answer with any degree of safety, unless it be made known in what particular way the defendants violated any agreement, (if they violated the same,) with whom they violated it, and what particular amount of damages were sustained by these plaintiffs in case of the alleged violation of the agreement referred to in the complaint. Deponent further says that, from conversations had with the said defendants, he states that the defendants do not know, and have no knowledge, directly or indirectly, as to how the said $25,000 damages are made up, or upon what these plaintiffs expect to establish or prove that they have sustained said damages." From an order granting the motion plaintiffs appeal.

Argued before VAN BRUNT, P. J., and BARTLETT, J.

*Charles F MacLean*, for appellants. *Blumenstiel & Hirsch* and *Mr. Brenner*, for respondents.

BARTLETT, J. There are three reasons why this order should be reversed: *First*. It appears that the defendants are fully able to answer without further particulars of the plaintiff's claim than they already possess; *secondly*, they do not themselves deny that they have knowledge of the matters as to which they demand particulars; and, *thirdly*, their attorney's affidavit as to such want of knowledge on the part of his clients is insufficient.

The action is brought to recover damages for the alleged breach of a contract whereby the defendants, who were merchants in France, agreed "to do all that they could that all goods which they should have to make delivery of in New York should be delivered by the plaintiffs;" and whereby the defendants further agreed not to represent or work for any other New York firm than the plaintiffs, and one other firm, in articles in which the plaintiffs did business; and whereby the defendants further agreed not to obtain consignments in such articles for other houses, or bring other houses into connection with manufacturers who made such goods. The motion for a bill of particulars was made before answer, and was based solely on affidavits by one of the attorneys for the defendants. This gentleman swears positively that his clients "have not neglected or failed to carry out any agreement made with these plaintiffs, and that, on account of their strict and full compliance with any and all agreements made by them, it is impossible to serve any answer with any degree of safety, unless it be known in what particular way the defendants violated any agreement, (if they violated the same,) with whom they violated it, and what particular amount of damages was sustained by these plaintiffs in case of the alleged violation of the agreement referred to in the complaint."

There can be no difficulty in serving an answer, if it be true, as the attorney thus states, in substance, that the defendants have kept all their agreements with the plaintiff; and we are at a loss to understand how it follows that a strict compliance on the part of his clients with their agreements makes it impossible for them to plead with safety. On the contrary, it would seem to make a preparation of an answer an extremely easy task. The attorney also swears that, from conversations had with the defendants, "he states that the defendants did not know, and have no knowledge, directly or indirectly," as to how the claim for damages is made up. It will be observed, however, that he is quite careful not to say that either of the defendants has told him anything on the subject. From conversations with them "he states" that they have no knowledge. This may be literally true, and yet his clients may never have given him any express assurance on the subject. In cases of this kind the affidavit of want of knowledge should be made by the party, and not by his attorney. Under our present practice, it has come to be unnecessarily common for attorneys to figure as affidavit makers; and an impression seems to prevail that, because an attorney swears to a statement on information and

belief, his affidavit is entitled to greater consideration than would be given to that of a layman, whose only knowledge of the facts to which he deposes is derived from others. This view is erroneous. The true rule applicable to an application like the present is well expressed in the case of *Gridley* v. *Gridley,* 7 Civ. Proc. R. 215, which, although it arose at special term, was decided by Mr. Justice BOCKES, long a member of the general term of the Third department. That learned judge says: "The affidavit on which the motion is here based is by the attorney. It should be by the defendant himself, as the purpose of a bill of particulars is to prevent surprise on the trial, which is a matter personal to the party raising the objection. Although the count or counts may be general in some or all of the particulars stated, the defendant may well know the specific grounds of action. If so, a bill of particulars is unnecessary. This point should be covered by the affidavit of the party himself. There may be cases, perhaps, where an affidavit by the attorney or agent might meet the requirements suggested, but this would be unusual, and in those cases the peculiarities of the case should be set forth." The respondent relies upon the case of *Rice* v. *Rockefeller*, 1 N. Y. Supp. 222, 2 N. Y. Supp. 867, but there is nothing in that decision, nor in the authorities which were cited in that case at special term, which in any wise conflicts with the views we have expressed. The order appealed from should be reversed, with costs and disbursements.

VAN BRUNT, P. J., concurs.