## BLAKE *v.* HARRIGAN *et al.*

(*Supreme Court, Special Term, Albany County.* October 6, 1890.)

**1. PLEADING—BILL OF PARTICULARS.**

A counter-claim for damages caused by alleged breach of contract to erect certain buildings is not a claim on account, and defendant will not be required to fur-

nish an itemized statement of the damages claimed; a bill of particulars of the claim, as prescribed by Code Civil Proc. N. Y. § 531, being the proper remedy for plaintiff to seek in such a case.

**2. SAME—AFFIDAVIT.**
An affidavit made by an attorney, showing the necessity for a bill of particulars, will not avail unless the failure of the party to make the affidavit is excused. Following *Hoeninghaus* v. *Chaleyer,* 4 N. Y. Supp. 814.

At chambers. Action by Peter Blake against John J. Harrigan, individually and as executor, etc., and others, to foreclose a mechanic's lien. Defendants set up a breach by plaintiff of his contract to erect the buildings in question, and claimed damages in the sum of $8,000. Plaintiff's demand for a bill of particulars being refused, he now moves for an order compelling defendant to furnish an itemized statement of the damages claimed. Code Civil Proc. N. Y. § 531, provides: "It is not necessary for a party to set forth in a pleading the items of an account therein alleged, but in that case he must deliver to the adverse party, within ten days after a written demand thereof, a copy of the account, which, if the pleading is verified, must be verified by his affidavit, to the effect that he believes it to be true, or, if the facts are within the personal knowledge of the agent or attorney for the party, or the party is not within the county where the attorney resides, or capable of making the affidavit, by the affidavit of the agent or attorney. If he fails so to do, he is precluded from giving evidence of the account. The court, or a judge authorized to make an order in the action, may direct the party to deliver a further account where the one delivered is defective. The court may, in any case, direct a bill of the particulars of the claim of either party to be delivered to the adverse party."

*Mead & Hatt,* for plaintiff. *Edward J. Meegan,* for defendants.

LEARNED, J. There seems to be a distinction in Code, § 531, between "items of an amount" and "particulars" of a claim. Thus, in the well-known *Tilton* v. *Beecher,* 59 N. Y. 176, and *Dwight* v. *Insurance Co.,* 84 N. Y. 493, cases, it could not be said that there was an account of which items were given, but the party was required to furnish particulars of the claim. This action is to foreclose a mechanic's lien. The defendant sets up as a counter-claim, in substance, that the plaintiff entered into a written contract, set forth therein, with defendant to build a certain building; that the plaintiff has failed to perform the contract; that thereby the defendant has been put to great expense in completing the same; also that he has suffered liquidated damages by the failure to complete, and also loss in rent by the same failure. Now this alleged counter-claim is not upon an account which defendant has against plaintiff; it is on the breach of plaintiff's contract, and the statement of defendant's expense is a statement of the damages resulting. The plaintiff, therefore, if entitled to relief under section 531, must seek for what is there called a "bill of particulars" of the claim, not for items of an account. This being so, the defendant insists that the mere affidavit of the attorney with the pleadings is not enough; that there should be the affidavit of the plaintiff, or excuse made showing the necessity of ordering such bill of particulars. I think the position of defendants is correct. *Hoeninghaus* v. *Chaleyer,* 4 N. Y. Supp. 814; *Gridley* v. *Gridley,* 7 Civil Proc. R. 215; 1 Rum. Pr. 278. It is certainly the general rule that affidavits, excepting such as relate to mere matters of practice, ought to be made by the parties rather than by the attorneys. As above stated, this counter-claim is not on an account; it is for damages caused by an alleged breach of the contract. If the plaintiff needs to be further informed of the particulars in respect to which he is alleged to have broken the contract, I think it is for him to make the necessary affidavit, and not for his attorney.

The present motion is denied, with $10 costs, without prejudice to another motion to direct a bill of particulars.