JACOB COHN, Respondent, *v.* FRANK E. BALDWIN, Appellant, and Others.

*Affidavit to procure a bill of particulars — insufficient reason for the verification thereof by an attorney.*

The provisions of section 525 of the Code of Civil Procedure, permitting a plea to be verified by the attorney for a party when such party is absent from the county where his attorney resides, applies only to a pleading and not to an affidavit to procure a bill of particulars.

When an affidavit to procure a bill of particulars was verified by the attorney and not by the party, and the only reason stated why the affidavit of the party was not obtained, was, that such party was not a resident of, or within the county where his attorney resided and had his office, no sufficient reason is set forth why the party should not have made the affidavit.

When a bill of particulars of the facts alleged in a complaint should not be ordered.

APPEAL by the defendant, Frank E. Baldwin, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 3d day of June, 1893, denying the defendant's motion for a bill of particulars.

*Mills & Bridge*, for the appellants.

*Mark Cohn*, for the respondent.

PER CURIAM:

We think that the affidavit on which the motion for a bill of particulars was made insufficient, being made by the attorney of one of the defendants. The only reason stated why the affidavit of the party was not obtained is as follows :

" That the reason why this affidavit is not made by said defendant is that said defendant is not a resident of or within the county of Albany, which is the county where deponent resides and has his office."

By the provisions of section 525, Code of Civil Procedure, a verification to a pleading may be made by the attorney of a party, when such party is absent from the county where the attorney resides; but that provision applies only to a verification of a pleading and not to an affidavit made to procure a bill of particulars. In this case no sufficient reason is set forth why the defendant did not make the affidavit. For all that appears, he may have been in another county of the State where his affidavit could be readily obtained. On such a motion the affidavit of the defendant, unless impossible to be obtained, should be procured. The affidavit of the attorney, made herein, does not show that defendant required any bill of particulars. (See *Gridley* v. *Gridley*, 7 N. Y. Civ. Proc. Rep. 215; *Hoeninghaus* v. *Chaleyer*, 22 N. Y. St. Repr. 528; *Blake* v. *Harrigan*, 33 id. 210.)

Again, plaintiff, in his affidavit, swears " that the demand of plaintiff contained in the complaint, embraced all the dealings between plaintiff and defendants, and are all contained in the books of account and papers of defendants. That the only information in the possession of plaintiff as to the said bets and wagers is derived from statements furnished to him by the defendants. That it will not be possible for the plaintiff to furnish all the particulars required.

by the defendants unless the defendants are required to produce and deposit their books of account and papers containing the dealings between plaintiff and defendants in some proper and convenient place and permit the plaintiff or his attorney or some suitable person authorized by plaintiff to make an inspection of said books and papers and to make extracts of the entries therein."

These statements, made in the plaintiff's affidavit, are not denied. Such being the facts of the case, a bill of particulars should not be ordered. (*Train* v. *Friedman,* 4 N. Y. Civ. Proc. Rep. 109; *Isaac* v. *Wilisch,* 69 Hun, 339; *Fink* v. *Jetter,* 38 id. 163; *Wigand* v. *Dejonge,* 18 id. 405.)

The order should be affirmed, with costs and disbursements.

Present — MAYHAM, P. J. and PUTNAM, J.; HERRICK, J., not acting.

Order affirmed, with ten dollars costs, printing and other disbursements.