MARIA SULLIVAN *vs.* STEPHEN WATERMAN.

PROVIDENCE—NOVEMBER 19, 1898.

PRESENT: Matteson, C. J., Tillinghast and Rogers, JJ.

(1) *Right to a Trial.*

A plaintiff has no right to demand a trial by jury until he states a case in accordance with the settled rules of pleading and practice.

(2) *Bill of Particulars.*

A motion for a bill of particulars is addressed to the discretion of the court, and is seldom denied if based on any reasonable ground.

(3) *Review of Motion for Bill.*

Granting or refusing the motion is not revisable for error, but a decision upon the sufficiency of a bill filed in pursuance of the motion may be reviewed.

(4) *Pleading and Practice at Law. Scope and Limit of Bills of Particulars.*

The law favors the filing of such bills ; but that which may be impossible should not be required ; neither will a party be obliged to furnish facts already known to his adversary ; nor facts the means of ascertaining which are equally accessible to both parties ; nor facts peculiarly within the knowledge of the other side ; and such bill will not be ordered where the purpose of the motion is merely to learn what evidence, and the names of what witnesses, the plaintiff may have to sustain his suit.

TRESPASS ON THE CASE for damages alleged to have been caused by the use for immoral purposes of apartments hired by the defendant from the plaintiff for lodging-rooms. Heard on exceptions to the ruling of the Common Pleas Division as

to the sufficiency of a bill of particulars and denying a motion to assign the case for jury trial.

TILLINGHAST, J.   This case is before us on the plaintiff's petition for a trial in the Common Pleas Division. The petition sets out, in substance, that upon motion of the defendant for a bill of particulars, and the order of the court thereon, she filed the same, giving all the information requested as fully and particularly as she was able, and thereupon moved the court to assign the case for trial; but that the court refused so to do on the ground that the order for a bill of particulars had not been sufficiently complied with. The plaintiff has filed an affidavit setting forth that she does not know the names of any of the women who came to defendant's room, as alleged in the declaration, although she has made diligent inquiry to ascertain the same, and also that she cannot specify as to the dates of their coming to her house more particularly than are given in the declaration.

In her bill of particulars the plaintiff gives the names of the men referred to in the third count, and alleges that the women referred to are unknown to her, but that numerous women of the kind named in the declaration came to defendant's rooms upon many nights between the dates mentioned in the declaration.   She also alleges that she does not know what particular persons did not take rooms of her in consequence of the defendant's misconduct, but that as a result thereof no one took them.

Defendant's counsel contends that in these circumstances the plaintiff fails to show any case against the defendant, and hence that the motion to assign the case for trial was rightly denied; and, further, that the plaintiff has no right, constitutional or otherwise, to a trial by jury until her case is presented in such form as the rules of law and practice require.

(1)     We fully agree with the last contention.   A plaintiff clearly has no right to demand a trial by jury until he states a case in accordance with the settled rules of pleading and practice.   The practice of requiring a bill of particulars in

any case, whether civil or criminal, where the circumstances are such that justice demands that a party should be apprised of the nature and extent of the claim or charge set up against him with greater particularity than is required by the rules of pleading, has long been recognized and acted upon by the courts. *Commonwealth* v. *Snelling,* 15 Pick. 321 ; *Wright* (2) v. *Dickinson*, 67 Mich. 580 ; 3 Ency. Pl. & Pr. 523. And, although a motion for a bill of particulars is addressed to the discretion of the court *(State* v. *Nagle*, 14 R. I. 333), yet it is seldom, if ever, denied, if based upon any reasonable ground. But while such is the practice, and while the law favors such bills as tending materially to aid in the due administration of justice, yet it is clear that no person should be required to do that which it is impossible for him to do, under penalty of being deprived of a trial of his case. *Mosheim* v. *Pawn*, 18 N. Y. Supp. 166.

(4)    In the case at bar the plaintiff swears that she has furnished all the information called for by the defendant's motion which it is in her power to furnish, and she gives her reasons for so swearing. The reasons given would seem to be satisfactory, and her statement of fact is not controverted by the defendant. Moreover, it has repeatedly been held that a party will not be obliged to furnish facts already known to his adversary, nor will a bill of particulars be ordered where the means of ascertaining the facts are equally accessible to both parties. 3 Ency. Pl. & Pr. 529, and cases cited. Even the rule of certainty in pleading is not too rigid to be reasonable. As said by Durfee, C. J., in *Cox* v. *Gas Co.*, 17 R. I. 200 : " It was designed to further, not to defeat, the ends of justice ; and it is elementary that it requires no more particularity than the nature of the thing pleaded admits, and that, when the facts lie more in the knowledge of the opposite party than of the pleader it allows a good deal of generality."

In *Wigand* v. *Dejonge*, 18 Hun. 405, the court said : "Orders for particulars are made in the interest of justice and for the purpose of its advancement. A party must not be sent to trial without knowledge of the accusation against him.

He must be subjected to no surprise. But while this rule obtains in the administration of justice, another consideration of equal importance is, that the court will make no order which will shield the defendant from just responsibility. If the information sought is in the possession of the party asking it, then it will be plain that the application is stimulated by some motive other than a desire for specific details; and if it appears in addition that the parties from whom further particulars are asked are not in a situation to answer the demand and do not possess the facts, then, indeed, is presented a plain case for a refusal of the order."

In *Isaac* v. *Wilisch*, 69 Hun. 339, it was held that a plaintiff should not be compelled to furnish a bill of particulars, when it appears that knowledge of the acts complained of by him is peculiarly and thoroughly with the defendant, and that the purpose of the application is to find out just what evidence and what witnesses, together with their names, the plaintiff may have to sustain his cause of action. See also *Cohn* v. *Baldwin*, 74 Hun. 346.

If, as alleged in the plaintiff's declaration, the defendant, between the first day of May, 1897, and the date of the writ, brought or caused to come to his rooms in plaintiff's house certain dissolute and immoral persons, male and female, for the purposes specified in said declaration, he presumably knows who they were, and hence there is no occasion for the plaintiff to name them in order to entitle her to proceed with her case. Of course the plaintiff will be required at the trial to prove all of the material allegations contained in her declaration, in order to entitle her to recover; but as to the kind of evidence she may offer we are not now called upon to determine or consider.

(3)    The defendant's counsel takes the further point that, as the motion for a bill of particulars is addressed to the discretion of the court, its action thereon is not revisable for error. This is true, as already stated, in so far as the action of the court is based upon the granting or refusing of the motion (*State* v. *Nagle, supra*, and cases cited), but we do not think it is true as to the sufficiency of the bill of particulars which

is filed in pursuance of the motion.    The discretion as to this matter is a judicial discretion, and may be reviewed, as it affects the right of the plaintiff to have a trial of her case. We think it sufficiently appears that the plaintiff has complied with the order for a bill of particulars in so far as she was able, and hence that the court erred in not granting the motion to assign the case for trial.

Case remitted to the Common Pleas Division for trial.

*Charles M. Salisbury*, for plaintiff.

*Charles A. Wilson and Thomas A. Jenckes*, for defendant.