(109 App. Div. 684)

### FICKINGER v. IVES et al.

(Supreme Court, Appellate Division, First Department. December 15, 1905.)

1. PLEADING—BILL OF PARTICULARS.
    Where, in an action for damages resulting from the alleged wrongful sale of plaintiff's stock by defendants, his brokers, defendants, furnished a bill of particulars of their counterclaim for money used in purchasing stock in their own names for plaintiff, and for the usual commissions, the bill purporting to embrace the entire account of their stock dealings in plaintiff's behalf, and plaintiff showed by affidavit that he did not know what sales defendants actually made, and that he had reason to believe that many included in the account were fictitious, he could not properly be required, on defendant's motion, made on the pleadings and their own bill of particulars, to serve a bill of particulars of the purchases and sales which he claimed were unauthorized.

2. SAME.
    Whether a plaintiff should serve a bill of particulars of his complaint must be determined by an examination of the complaint, and does not depend on the fact that defendants have served a bill of particulars of a counterclaim contained in their answer.
    [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 954.]

3. SAME.
    Where plaintiff is entitled to an accounting, defendant must file the account, and plaintiff may not properly be required to furnish a bill of particulars.

Appeal from Special Term, New York County.

Action by Frederick Fickinger against William Ives and another. From an order denying their motion for a bill of particulars, defendants appeal. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Charles Fox, for appellants.
Benjamin F. Foster, for respondent.

LAUGHLIN, J. This is an action by a customer against a firm of stockbrokers to recover damages for alleged unauthorized sales of stock. The plaintiff alleges that between the 24th day of February and the 30th day of April, 1904, the defendants as his brokers and agents purchased certain shares of stock upon margins; that he delivered to them as margins 16 shares of stock of the Mechanics' National Bank; that they agreed to hold and carry the stock, subject to his direction, as long as he should desire, and not to sell or dispose of the same unless his margins should be exhausted or insufficient, and not then unless he should fail on request to take the stock and pay the balance owing thereon or give additional security, and in the event of his failure so to do they were to give him due notice of the time and place of sale; that at some time prior to the 11th day of May, 1904, "the date of which plaintiff is ignorant," the defendants in violation of their agreement, without calling on the plaintiff for additional margins or giving him an opportunity to take up the stock, and without giving him notice of the time or place of sale, and without his knowledge or consent, "sold or pretended to sell" the stock purchased for him, together with the stock advanced as margin, "and misapplied the proceeds of said sale and converted the proceeds thereof to their own use"; that the plaintiff has demanded a statement of the purchases and sales of stock made for him or on his account, together with the names of the persons from whom the stock was purchased and to whom sold, but that the defendants have refused and still refuse to comply therewith.

The defendants in their answer admit that they purchased certain stock for the plaintiff during the period specified in the complaint, and deny the other material allegations of the complaint, except that they aver that prior to the demand for an account they had furnished the plaintiff an account of the purchases and sales made by them for his account. For a second defense, the defendants allege that they undertook to purchase and carry the stock for the plaintiff in their own name in the customary way and for the usual commissions, and that on the 30th day of April, 1904, the plaintiff was indebted to them for the balance of the account in the sum of $2,720.41, and in the third separate defense they allege this as a counterclaim. On the application of the plaintiff, the defendants furnished a bill of particulars of their counterclaim, which purports to embrace the en-

tire account of the stock dealings of the defendants in behalf of the plaintiff. The defendants subsequently, upon the pleadings and upon their own bill of particulars, moved for an order directing the plaintiff to serve a bill of particulars of the complaint, showing in detail what stocks of the plaintiff the defendants in violation of their agreement and without right or authoriy sold, and also how his allegea damages of $15,000 was computed. The appeal is from the order denying this application.

The learned counsel for the defendants contends that, since they have given a bill of particulars showing the account of their transactions for the plaintiff, the plaintiff should now be compelled to irrevocably determine which of the sales thus claimed to have been made by them in their bill of particulars he contends were unauthorized. This, it is urged, will narrow the issue and relieve the defendants of the necessity of preparing to show that all of the sales were authorized, and of preparing to meet the question of damages concerning those sales which may have been authorized. It will be observed that the transactions extended over a period of less than two and one half months. There should be little difficulty, therefore, in preparing to meet the question of damages as to unauthorized sales, no matter when they occurred during that brief period. I do not, however, understand that the court is authorized to order a bill of particulars for the reasons assigned. Whether the plaintiff should serve a bill of particulars of his complaint must be determined by an examination of the complaint, and does not in the least depend upon the fact that the defendants have served a bill of particulars of a counterclaim contained in the answer.

It might be useful and tend to simplify and shorten the trial of a cause if the court were authorized by order to require a plaintiff to specifically answer the items of a bill of particulars furnished by the defendant, and admit in advance of the trial which he concedes to be correct and which he controverts; but I do not understand that there is any precedent or authority for such practice. The plaintiff has advanced money and property to the defendants and the latter in their own name, but as the agents and brokers of the plaintiff, upon the security of these advancements, have purchased and sold stocks for the plaintiff. In these circumstances the plaintiff would be entitled to an accounting of their transactions in his behalf. The very nature of the transactions shows that the plaintiff can have no knowledge, except hearsay, as to the actual transactions that the defendants have conducted. The plaintiff in such case must ordinarily rely on the admissions of the defendants or their books and records. It would be an extreme case, indeed, in which he would be able to show purchases and sales on his behalf of which they had no record, and it is not clear how he could obtain evidence thereof. Where the plaintiff is entitled to an accounting, the defendant must file the account, and it is not proper to require the plaintiff to furnish a bill of particulars. Heidenreich v. Hirsh, 85 App. Div. 319, 83 N. Y. Supp. 366; Reed v. Marks, 56 App. Div. 272, 67 N. Y. Supp. 735; Belasco v. Klaw, 96 App. Div. 268, 89 N. Y. Supp. 208.

Of course, this is not an action for an accounting. The plaintiff has

reason to believe that the defendants have wrongfully sold stock purchased and held for him, and he brings the action for the damages. In such cases the plaintiff is ordinarily granted a bill of particulars and an examination of the defendants and an inspection of their books. The plaintiff should not be compelled in a case like this to furnish a bill of particulars of the unauthorized sales. He shows by affidavit that he does not know what sales the defendants actually made, and that he has reason to believe that many included in the account are fictitious. Until it is known by an examination of the defendants or a discovery of their books just what purchases and sales were actually made, I think the plaintiff should not be required to admit or deny that a particular sale was authorized, even if the court could make such an order, for he may not be in a position to do so. I think the weight of authority is against requiring a plaintiff in an action of this kind to give a bill of particulars of the purchases and sales which he claims were unauthorized. Messer v. Aaron, 101 App. Div. 169, 91 N. Y. Supp. 921; American Transfer Co. v. Borgfeldt & Co., 99 App. Div. 470, 91 N. Y. Supp. 209; Cohn v. Baldwin (Sup.) 26 N. Y. Supp. 457; Train v. Friedman, 4 Civ. Proc. R. 109; Young v. De Mott, 1 Barb. 30.

It follows, therefore, that the order should be affirmed, with $10 costs and disbursements. All concur.

---

(110 App. Div. 865)

LEVY v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

1. PLEADING—BILL OF PARTICULARS—ALLEGATIONS OF COMPLAINT.
   In an action for injuries, a portion of an order for a bill of particulars requiring a statement as to moneys paid out for medical attention was erroneous; the allegation of the complaint being that plaintiff would necessarily expend money in an endeavor to be cured.

Appeal from Special Term.

