### R. C. WILLIS *against* BAILEY, survivor of W. WILLIS.

*Where the action is not founded on any instrument of writing ; but the declaration contains only the general counts on implied promises, the defendant is not entitled to an order on the plaintiff, to produce letters or writings in his possession, or to give the defendant copies of them. And even where the action is founded on a written contract, such an order is not granted by a judge at his chambers ; nor by the Court, without an affidavit showing that the papers or documents in the plaintiff's possession, are necessary for his defence. Nor is an order for a bill of particulars granted without an affidavit showing its necessity.*

THE defendant, on the 24th of *December* last, obtained an order of *R. Riker, Esq.* Recorder of the city of *New-York*, that the plaintiff show cause before him, on the 28th of *December*, "why he should not deliver to the defendant a copy or copies of all writings of the defendant or of *Bailey & Willis*, whereupon or whereby he seeks to charge the defendant in this suit," &c. The plaintiff, accordingly, by his attorney, showed cause by reading the affidavit of the attorney, that the declaration in the cause, containing several counts, had been filed, and that none of the counts were founded on any written instrument whatsoever. But the Recorder made the order absolute, that the plaintiff deliver to the defendant, within twenty days after service of a copy of the order, copies of all writings of *Bailey & Willis*, or of the defendant in the suit, and that the time for pleading be extended until four days after the expiration of the twenty days. The rule to show cause was granted without any affidavit whatever on the part of the defendant ; nor was any affidavit offered or read by him when cause was shown by the plaintiff, and the order made absolute. The affidavit of the plaintiff's attorney stated that all the counts in the declaration were on implied promises ; and that he served a bill of particulars of the plaintiff's demand on the defendant's attorney, at his request before the order to show cause, &c. was obtained.

*Davis*, for the plaintiff, now moved that the order of the Recorder be vacated, with costs.

*T. Sedgwick,* contra.

*Per Curiam.* This Court has never gone farther in directing the plaintiff to submit to the inspection of the defendant, or his counsel, any papers in his possession, than is contained in the rule granted in the case of *Lawrence* v. *The Ocean Insurance Company.* (11 *Johns. Rep.* 245. *note.*) That rule was granted on great consideration, and not without some hesitation. The necessity of it, to enable the defendants to defend themselves, was fully shown on affidavit; and we proceed on the principle, that, from the facts shown, the defendant would be entitled, on a bill of discovery, to the information sought for. Here the order has been granted without any affidavit whatever, that there were any papers, letters, or documents in the plaintiff's possession, necessary for the defendant's defence, and in opposition to an affidavit by the plaintiff's attorney, that the declaration was not founded on any written instrument whatever. This practice is entirely new, and is unwarranted by any proceedings, either in this Court, or by the judges at chambers.

We never grant an order for a bill of particulars, without the necessity of such order being shown on affidavit; for although the count may be general, the defendant may well know the grounds of the plaintiff's action. We do not think that in any case, a judge, at chambers, should grant an order upon the party to produce papers, for the inspection of the other party, or that he should furnish copies of papers in his possession. Such an application should be addressed to this Court, on regular motion. We have not adopted, nor do we mean to adopt, the *English* practice in this respect. But even according to the practice there, the order, in the present case, would be incorrect, for the action not being founded on any written contract, if the plaintiff has in his possession any letters or papers, they are mere items of evidence, and the party is not bound to furnish matters of evidence to his adversary, which evidence, in itself, does not constitute a cause of action. We, therefore, vacate the Recorder's order.

Motion granted.