Denslow
v.
Fowler.

In trover for a bond, a motion to compel delivery of a copy, to enable the plaintiff to declare accurately, was denied.

### DENSLOW & WIFE *against* FOWLER.

TROVER for a bond. On an affidavit stating that the bond had been delivered to the defendant, demanded of him, and that he had refused to re-deliver it, and that a copy or description of the bond was necessary to enable the plaintiffs to declare,

*J. Smith,* moved that the defendant deliver to the plaintiffs' attorney a copy of the bond within ten days, or that an attachment issue against him. He cited 1 Tidd. Pr. 440, where it is said, that " the plaintiff may have a rule *nisi,* for the defendant to produce a deed before the commissioners of the stamp office, to be stamped, and also to give the plaintiff a copy of the deed, in order that he may declare thereon."

*Silliman,* contra, said this motion was unprecedented. Rules like the one applied for, had indeed been granted in actions arising *ex contractu,* but never in a case where the action is for a tort; and he referred to *May v. Gwynne,* (4 Barnwell & Alderson's Rep. 301,) where the same distinction was taken.

*The Court* were clear against the motion, and denied it, with costs.(*a*)

Motion denied.

(*a*) If one part only of an indenture be executed, the Court will compel the party having the custody of it, to produce it for their inspection, upon an action commenced against himself by the other party. *Blakey* v. *Porter,* 1 Taunt. 384. And the English Common Pleas compelled the production, by a defendant, of an unstamped agreement in his custody, to which the plaintiffs claimed to be parties in interest, upon the instance of the plaintiffs, in order that they might get it stamped, although the plaintiff were not instrumentary parties, and their interest no otherwise appearing than by their own affidavit, which will prove a claim, but not an interest. *Semble,* that the Court would compel a plaintiff to produce deeds, by attachment. *Bateman et al.* v. *Philips,* 4 Taunt. 157. The Court will compel a defendant, in covenant on a deed which he holds, to produce it to the

NEW YORK,
May, 1824.

Denslow
v.
Fowler.

plaintiff for the purposes of the cause; and it differs not that the plaintiff seeks for inspection, for the purpose of discovering some defect in the deed. *King* v. *King,* 4 Taunt. 666. The principle of these cases is stated by Gibbs, C. J. in *Street* v. *Brown,* 6 Taunt. 302. He says, that in both *Blakey* v. *Porter* and *King* v. *King,* " the ground on which the Court make the rule, is, that the party holding the deed was a trustee for the other." And where two parts of an indenture of charter-party were supposed to have been interchangeably executed, and the part of which the master of the chartered vessel had the custody, was lost at sea, with the ship, the Court would not compel the charterer, being sued thereon, to grant inspection, and a copy of the other part, for the purpose of the plaintiff's declaring with certainty. Id. And Gibbs, C. J. said he should be unwilling to establish a new precedent, though, if there were a case so decided he could not say that he should be unwilling to follow it. Id. And in an action for a libel, by *May* against *Gwynne,* 4 Barn. and Alders. 301, the Court refused to compel the plaintiff, who was vestry clerk of a parish of which the defendant was an inhabitant, to produce and permit copies of documents to be taken from the parish chest, in the custody of the plaintiff, though the alleged libel was a written report of the defendant, respecting the plaintiff's conduct, founded, as was stated, on these documents. Stress was here laid, however, on the action being for a libel, and Abbot, C. J. said, " If the papers had been wanted for the purpose of advancing any parochial right, the case would have been different." And in *Morrow* v. *Saunders,* 1 Brod. & Bing. 318, where the plaintiff made affidavit that he sued the defendant, to recover damages for a breach of agreement, in not entering into partnership, pursuant to a partnership deed, drawn up and signed by the plaintiff, but remaining in the custody of the defendant or his attorney, and that the plaintiff possessed neither copy nor counterpart of the deed, the Court granted a rule enabling the plaintiff to inspect the deed, and take a copy, though the defendant swore that he had not executed the deed; but the Court required that the affidavit should state, that the party moving had neither copy nor counterpart. In causes on policies of insurance, the Court will make an order, for the assured to produce to the insurers, upon affidavit, all papers or true copies thereof, relative to the matters in issue between the parties. *Lawrence* v. *The Ocean Ins. Co.,* 11 John. 245, n. (a). Where the action is not founded on any instrument of writing, but the declaration contains only the general counts on implied promises, the defendant is not entitled to an order on the plaintiff, to produce letters or writings in his possession, or to give the defendant copies of them. *Willis* v. *Bailey,* 19 John. 268. In the last case, the Court say, " We proceed on the principle, that, from the facts shown, the defendant would be entitled, on a bill of discovery, to the information sought for." When this bill will lie as to writings, see 1 Madd. Ch. Tit. Bills of Discovery, p. 160, and the cases there cited. In *Willis* v. *Bailey,* the Supreme Court decided that this motion to enforce a discovery, must be made to this Court; no order being grantable by a Judge at chambers.