## WALLIS *against* MURRAY.

J. I. ROOSEVELT, for the plaintiff, moved for a rule that
the defendant furnish the plaintiff's attorney, at the plain-
tiff's expense, with a true copy of the written contract on
which this action is founded. He read affidavits showing
that the action is assumpsit brought to recover the price of
a large quantity of merchandize sold to the defendant by the
plaintiff's agent under a written contract special in its pro-
visions; that one part was retained by the plaintiff's agent;

*The court will order the defendant to allow the plaintiff to take a copy of a paper in his possession, on which the suit is founded, though the plaintiff once had a counterpart which is lost.*

It is not necessary to show that it was delivered to the defendant, to hold as trustee of the plaintiff.

The supreme court will grant this rule, as to such a paper, in all cases where chancery would entertain a bill of discovery.

NEW YORK,
May, 1825.

Wallis
v.
Murray.

NEW YORK,  and the counterpart by the defendant; that the part re
May, 1825.  tained by the agent had been lost; that a paper produced
          and annexed to the affidavits was believed to be a copy;
Wallis     but the plaintiff's agent and attorney not being certain of
  v.        this, feared that the action might fail on account of a vari
Murray     ance between the declaration to be filed and the contract to
          be proved in evidence at the trial; and that the counter-
          part, or a copy of it, was necessary to enable the plaintiff
          to declare with accuracy; that though one Canning was
          named in the contract as one of the parties, he, in fact, en-
          tered into it as the agent of the plaintiff.

*P. W. Radcliff*, contra, read an affidavit of the defen
dant, neither admitting nor denying that the paper annexed
to the plaintiff's affidavits was a true copy of the agree·
ment; but stating that when he entered into the contract,
he then, and for sometime afterwards, supposed it was with
Canning in his own right, and not as agent for the plain-
tiff; that the counterpart was delivered to the defendant as
his own property, and for his own use, and not as trustee
for Canning, or any other person; that he had, as he be-
lieved, fully complied with the agreement on his part; that
Canning had, before the commencement of this suit, made
a statement in writing concerning the matters in contro·
versy, which he had delivered to the defendant, who had
returned it to Canning, all of which was before any dispute
had arisen touching the subject of this suit; that the state-
ment may be material to the defendant in his defence, as
he is advised by counsel and believes; that he has ap-
plied to the plaintiff's attorney for a copy of that statement,
which had been denied.

*Roosevelt* cited *Denslow* v. *Fowler*, (2 Cowen's Rep. 592,)
and the cases cited in the note to that case, note (*a*); *Jack-
son* v. *Jones*, (3 Cowen's Rep. 17,) and *The People* v. *Vail*.
(2 Cowen's Rep. 623.)

*Radcliff* relied on the same authorities; and especially
*Street* v. *Brown*, (6 Taunt. 602.) In *Morrow* v. *Saunders*,
(1 Brod. & Bing. 318,) it was expressly sworn that there was
but one copy *and never had been any other*, and it was only

upon an affidavit going thus far, that the Court would grant the motion. Mr. Cowen, in his note to *Denslow* v. *Fowler*, omitted to notice that circumstance. In Dunlap's Practice, (1 Dunl. Pr. 616, 17,) the rule is laid down in the same manner.

NEW YORK
May, 1825.

Wallis
v
Murray.

*Curia*, per SAVAGE, Ch. J. The power of the Courts in England, to compel a party to produce or furnish copies of papers to his adversary, is said, by the later cases, to rest on the idea that the paper in question was left with the party required to furnish it as a trustee for the other ; and the motion has been denied where a counterpart was kept by the party applying. Why this trust should give jurisdiction more than an accidental loss of a counterpart once existing, it is difficult to perceive. If the Courts go upon the analogy to equitable relief, accident is as plain a ground as trust. This Court have certainly, in practice, been confined to neither ground. In *Lawrence* v. *The Ocean Insurance Company*, (11 John. Rep. 245, note,) a rule was granted to produce numerous items of written evidence in an insurance cause complicated in its details, and important on account of the amount involved. In *Jackson* v. *Jones*, (3 Cowen's Rep. 17,) deeds of the party were ordered to be deposited for inspection, on an allegation that thereby the adverse party hoped to be enabled to prove them forgeries. The same thing has been done of a promissory note. (*Brush* v. *Gibbon*, id. 18, note (*a*).) In *Willis* v. *Bailey*, (19 John. Rep. 268,) this Court declare the principle upon which they proceeded in *Lawrence* v. *The Ocean Insurance Company*, viz. that the necessity of the rule to enable the defendants to defend themselves was fully shown on affidavit ; and they adopted the principle that from the facts shown, the defendant would be entitled, on a bill of discovery, to the information sought. It is said the King's Bench acted on the same principle in the time of Ld. Mansfield. (2 Archb. Pr. 186.) When the Court, in *Willis* v. *Bailey*, say they do not mean to adopt the English practice, they allude to the proceeding before a Judge at chambers. The only restriction intimated by that case relative to the subject matter is, that the paper ordered to be produced must constitute, in itself, a cause of action.

ALBANY,
Feb. 1825.

The People
v.
Judges of
Oneida.

They say that the English practice has not gone beyond this.

There is no doubt that, on a bill of discovery, the plaintiff would be entitled to all that he asks, and even more ; a discovery of the contents of this paper and the oath of the defendant as to its execution. Nor is there any doubt that the paper will be necessary, to enable the plaintiff to proceed in his cause with safety. The paper itself constitutes a cause of action ; and on the whole we grant the motion, on condition that the plaintiff deliver a copy of the statement asked for by the defendant.

Rule accordingly.