54h  310
e 39 Mis 425

LEWIS SANDERS, Appellant, *v.* AGNES GORDON SOUTTER and Others, Respondents.

*Affidavit, on application for a bill of particulars, may be made by the defendant's attorney*

On an application to obtain an order requiring the plaintiff to serve a bill of particulars of his claim, it is not essential that the facts justifying such application shall be proved by the affidavit of the party himself, but such facts may be established by the affidavit of the defendant's attorney.

*Tim* v. *Smith* (93 N. Y., 87) distinguished.

APPEAL by the plaintiff from an order made at chambers, in the city and county of New York, and entered in the office of the clerk of the county of New York, August 29, 1889, directing the service of a bill of particulars of the plaintiff's cause of action.

*Lewis Sanders*, for the appellant.

*Delos McCurdy*, for the respondents.

DANIELS, J. :

An essential part of the plaintiff's cause of action consists of the demand for services performed by him as an attorney and counselor at law for and advances of money made to the defendant, at whose request the services are stated to have been rendered. The amount claimed is $10,000 and upwards, and the allegations concerning the services and the advances are in the most general form in which they can be made. Upon the face of the complaint there is reason, therefore, for assuming that a bill of particulars of the plaintiff's demand might very well become necessary to enable the defendants to meet the case without surprise upon the trial. But, notwithstanding the general nature of the allegations made upon this subject, the practice still requires that some proof shall be presented of its necessity to justify the making of an order directing the service of a bill of particulars. (*Willis* v. *Bailey*, 19 Johns., 268.) The power of the court upon this subject as it is contained in section 531 of the Code of Civil Procedure is very general. For it has provided that in any case it may direct a bill of particulars of the claim of either party to be delivered to the adverse party.

The measure of proof to be furnished to obtain the order has been left to the discretion of the court and the apparent necessities of the case. Neither the statute nor the practice has required the affidavit of the party himself, but whenever the proof from any source shall be obtained that a bill of particulars is a necessity in the action, the court has complete authority to direct it to be served. The proof in this instance was supplied by the affidavit of the attorney for the defendants. And if it be assumed that a portion of his statement was broader than his knowledge of the facts, it is still reliable in the further affirmation that the defendants cannot safely answer the complaint until they are furnished with the particulars

of the plaintiff's cause of action. This was a subject necessarily committed to the judgment and experience of the attorney himself. It was for him to decide whether a proper answer could be presented in the case without information of the particulars of the plaintiff's demand. And if the defendant herself should make the affidavit, it would be founded mainly upon the judgment and advice of her attorney. He had examined the complaint as it was served, and, from his knowledge of the case and his legal experience he satisfied himself that an answer could not be intelligently served without a statement of the particulars of the plaintiff's demand, and that was a sufficient foundation for the order made by the court. The case of *Tim* v. *Smith* (93 N. Y., 87) is no authority for the application of any different principle, for that decision was not made upon this subject. What was then before the court was an application to discharge an attachment, and it was as to that that doubt was expressed of the ability of the attorney to supply the requisite proof. The decision has no bearing whatever upon an application of this description. As the case was made to appear, it was an entirely proper one for the order, for in no other way could the party or the attorney be apprised of the specific character of the demands relied upon to support the plaintiff's action.

The order should be affirmed, together with the usual costs and disbursements.

VAN BRUNT, P. J., concurred in the result.

Order affirmed, with usual costs and disbursements.