MUNGALL et al. v. BURSLEY.

(Supreme Court, Appellate Division, First Department. May 11, 1900.)

BILL OF PARTICULARS—AFFIDAVIT BY ATTORNEY.

Where defendant, sued for the price of merchandise, set up a counterclaim alleging that plaintiff had sold goods to others in violation of his agreement, which plaintiff denied, an affidavit by plaintiff's attorney for an additional bill of particulars disclosing the names of the parties to whom defendant claimed plaintiff sold goods in violation of the agreement, not showing that the attorney possessed any knowledge of the facts on which the application was based, or that plaintiff was not already fully informed with respect thereto, was insufficient.

Appeal from special term, New York county.

Action by Henry Mungall and others against Ira L. Bursley. From an order granting plaintiffs' motion for an additional bill of particulars, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, INGRAHAM, and HATCH, JJ.

Samuel R. Taylor, for appellant.

John C. Coleman, for respondents.

PER CURIAM. The action is brought to recover the purchase price of a certain quantity of merchandise sold by the plaintiffs, who are residents of and doing business at Dunfermline, Scotland. By answer the defendant set up certain counterclaims alleging a breach of the contract on the part of the plaintiffs in selling to other persons goods of which the defendant was to have the exclusive right of purchase, and demanded damages for such breach of contract. The plaintiffs served a reply denying all the averments contained in the answer. The additional bill of particulars requires the defendant to furnish in detail the names of the persons, firms, and corporations to whom the plaintiffs sold goods in violation of the agreement set up in the answer, the date when such sales were made, and the place, nature, quantity, quality, and dimensions in each case. The proof was insufficient upon which to base the order. The affidavit is made by the attorney for the plaintiffs, and it is not therein shown that he possesses any knowledge of the facts upon which the application is based. The affidavit of an attorney will only be received when it is shown that he is the only person who has knowledge of the subject-matter of the litigation, or that it is not possible to obtain the affidavit of the party, and that the attorney has received from the party full information of the subject-matter and makes full disclosure in what the information consists. Besides, there is nothing contained in the affidavit to show that the plaintiffs are not informed of all the subject-matter in respect to which a bill of particulars is asked. Such affidavits have frequently been condemned as insufficient upon which to found an order for a bill of particulars. Dueber Watch-Case Mfg. Co. v. Keystone Watch-Case Co. (Sup.) 21 N. Y. Supp. 342; Mayer v. Mayer, 29 App. Div. 393, 51 N. Y. Supp. 1079; Cohn v. Baldwin, 74 Hun, 346, 26 N. Y. Supp. 457.

The order should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.