(39 Misc. Rep. 423.)

### KIRKLAND v. KIRKLAND.

(Supreme Court, Special Term, St. Lawrence County. December, 1902.)

1. DIVORCE—BILL OF PARTICULARS.

Where complaint in divorce is entirely indefinite as to the time and place of the alleged adulteries committed by the defendant, and all the charges were denied by a verified answer, a motion for a bill of particulars will be granted upon the affidavit of the defendant's attorney, under Code Civ. Proc. § 531, authorizing the court to direct a bill of particulars, but making no requirement that it must be on the affidavit of the party or otherwise.

Action by Blanche Kirkland against George B. Kirkland. Motion for bill of particulars. Granted.

Arthur T. Johnson, for plaintiff.

E. O. Hurlburt (Lawrence Russell, of counsel), for defendant.

KELLOGG, J. The complaint charges the defendant with adultery at divers times during the years 1900 and 1901, in the town and village of Gouverneur, with inmates of houses of prostitution. It is entirely indefinite as to time, place, and person with whom the adultery is alleged to have been committed. The verified answer admits the marriage, and that there is no issue, and denies every other allegation of the complaint. Upon the pleadings, and the affidavit of the defendant's attorney that he cannot safely proceed to trial until he is furnished with the particulars of the alleged offense, the defendant moves for a bill of particulars as to the times, places,

and with whom the alleged adultery was committed. The plaintiff objects to the hearing and granting of the motion solely upon the ground that the moving affidavit is made by the attorney, and not by the defendant. As this objection is the only one argued, it is the only one that will be considered in disposing of the motion.

The Code of Civil Procedure (section 531) authorizes the court to direct a bill of particulars, but makes no requirement that it must be upon the affidavit of the party or otherwise. The authorities, however, are quite uniform that the application must be made upon the affidavit of the party to the action, and not his attorney. Cohn v. Baldwin, 74 Hun, 346, 26 N. Y. Supp. 457. The reason of this rule seems to be that as the motion rests in the sound discretion of the court, upon the facts shown, the attorney ordinarily cannot swear as to what knowledge or information his client has, and that the affidavit of the party himself furnishes the court the best information upon that subject. In the Cohn Case the court says the affidavit of the attorney does not show that the defendant required any bill of particulars. In Mungall v. Bursley, 51 App. Div. 380, 64 N. Y. Supp. 674, the affidavit of the attorney was insufficient, as it did not show that he possessed any knowledge of the facts upon which the application is based. In Sanders v. Soutter, 54 Hun, 310, 7 N. Y. Supp. 549, the affidavit of the attorney was held to be sufficient, as the complaint, upon its face, indicated the probable necessity of particulars, to prevent surprise, and that the attorney, and not the client, was the best judge as to whether a proper answer could be interposed without the information sought. It is fairly to be gathered from the authorities that, while the affidavit must in most cases be made by the party, this necessity arises ordinarily from his superior knowledge of the facts, and that the court is better satisfied as to the necessity of the application where the party swears. In this case the complaint is indefinite and entirely uncertain, and if an application had been made, before answer, to make it more definite and certain, the inspection of the complaint would require such relief to be granted. Here the defendant, by a verified answer, denies the adultery. The attorney is a better judge of whether he can safely proceed to trial without the particulars desired than the client, and it is apparent from the complaint that, no matter how innocent the defendant may be, if the case is to be pressed against him he would proceed to trial under the greatest disadvantage, without the particulars sought. This seems to be a case where an affidavit can allege no new facts, and where all that is necessary for the success of the motion is to have the attention of the court drawn to the pleadings, and it seems that the affidavit of the attorney that he cannot safely proceed to trial upon the complaint in its present form is all that is necessary to satisfy the court that the defendant is entitled to the relief asked. The motion is granted, and an order may be submitted to plaintiff's attorney and the court, requiring the time, place, and the name or description of the parties, to be stated with reasonable certainty.

Motion granted.