TOOMEY v. WHITNEY.

(Supreme Court, Appellate Division, Fourth Department. March 10, 1903.)

1. TRIAL—BILL OF PARTICULARS—AFFIDAVIT BY ATTORNEY.
   An affidavit by plaintiff's attorney in support of a motion for a bill of particulars in an action to set aside an assignment of plaintiff's interest in an estate alleged that plaintiff was a nonresident, and did not have personal knowledge of the extent and value of decedent's estate, and that there was not time to procure plaintiff's affidavit before making the motion, but contained nothing showing that the attorney had any personal knowledge of the facts alleged in the affidavit, which was based on his information and belief. *Held*, that such affidavit was not sufficient to justify an order requiring the service of the bill.

2. SAME—NECESSITY.
   In an action to set aside an assignment of plaintiff's interest in an estate, the complaint alleged that decedent's personal estate amounted to about $3,300, and that plaintiff executed the assignment on defendant's

fraudulent representation that the entire estate would not exceed $200. Defendant's answer averred that the amount of the estate was $2,761.56, and that, after payment of debts and funeral expenses, there would be left $1,692.56, and at the time of the assignment defendant stated to plaintiff that the amount remaining for distribution would be about $1,800; and he stated that all he desired from the estate was $150 and payment of certain traveling expenses, which was paid him. *Held,* that plaintiff was not entitled to a bill of particulars showing the net value of the estate.

Appeal from Special Term, Allegany county.

Action by Thomas Toomey against Bridget T. Whitney. From an order requiring defendant to make and file a bill of particulars, she appeals. Reversed.

Argued before ADAMS, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Brown, Reynolds & Ackerman, for appellant.

Delmar M. Darrin, for respondent.

SPRING, J. The parties to the action are brother and sister, and are the only next of kin of Nora Toomey, who died intestate in the county of Steuben, New York state, in March, 1900. The plaintiff resides in the state of Missouri, and after the death of his sister, Nora, assigned in writing his interest in her estate to the defendant. He has commenced this action to set aside that transfer, alleging that he was induced to execute the paper and part with his interest in the estate of his deceased sister by reason of fraudulent representations made to him by the defendant.

The order for the bill of particulars was granted upon the affidavit of the attorney for the plaintiff and upon the pleadings, the complaint also being verified by him. The rule of practice is well settled that motions of this kind must be founded upon the affidavit of the party, and the affidavit of the attorney alone is insufficient unless some well-stated reason exists for a departure from this rule. The Dueber Watch Case Mfg. Co. v. The Keystone Watch Case Co. (Sup.) 21 N. Y. Supp. 342; Van Olinda v. Hall, 82 Hun, 357, 31 N. Y. Supp. 495; Mayer v. Mayer, 29 App. Div. 393, 51 N. Y. Supp. 1079. The reasons assigned in the affidavit of the attorney for the nonproduction of the affidavit of the plaintiff are that the latter is a nonresident of the state, which is insufficient (Dueber Watch Case Co. v. Keystone Watch Case Co., supra; Mungall v. Bursley, 51 App. Div. 380, 64 N. Y. Supp. 674); and also that the plaintiff does not have personal knowledge of the extent and value of the estate of said decedent. That fact cannot be within the actual knowledge of the attorney for the plaintiff. Stevens v. Smith, 38 App. Div. 119, 56 N. Y. Supp. 540. The affidavit also alleges that there was not time before making the motion to procure the affidavit of the plaintiff to be used upon this motion. That general statement might always be embodied in every affidavit of the attorney. It might furnish an excuse for what otherwise would be laches, or to secure an extension of time for the making of the motion; but it is not a valid reason for the omission to present the affidavit of the party upon the application. The reason why a bill of particulars in any case is essen-

tial is that the party asking it lacks some important information necessary to enable him to try the issues, and that information is within the knowledge of his adversary. It is the keynote of the motion, therefore, that the party applying does not possess the precise facts sought. In this case the plaintiff may have full knowledge, or at least all that is important to enable him to try the case. There is nothing in the affidavit indicating that the attorney has any personal knowledge of the facts which are set forth in his affidavit. We have, therefore, as the foundation of this motion, the affidavit of the attorney, based upon information and belief, and the inadequate excuses assigned for the failure to present the affidavit of his client. We do not deem the papers sufficient to authorize the order.

It is quite apparent, also, that the information required by the order appealed from will be unnecessary upon the trial. The plaintiff claims in his complaint that the total amount of the personal estate of the decedent aggregates about $3,300. The defendant, in her answer, puts the amount at $2,761.56; that, after the payment of the debts, funeral expenses, etc., there are left $1,692.56. The answer further alleges the defendant stated to the plaintiff at the time of the assignment that the property of their sister, after the payment of the debts, would amount to about $1,800; that he thereupon stated all he desired out of it was $150 and the payment of his expenses on his trip East, which were paid, making the total amount paid to him about $200; and he thereupon voluntarily executed the transfer. It is, therefore, not of much moment in this case whether the net property after the payment of the debts and funeral expenses is $1,700 or several hundred dollars in excess of that sum, for the plaintiff contends that it was represented to him that the entire estate would not exceed $200, and it was in reliance upon that statement that he made the assignment to the defendant. Concededly, one-half of the estate remaining for distribution will largely exceed the sum he received, and, with that fact in the case, the exact net sum of the property is unimportant. The question at issue is under what circumstances the assignment was made by him. If he establishes that he was induced to make the transfer by the fraudulent representations of the defendant, and succeeds on that issue, the settlement of the estate will still be carried on in the Surrogate's Court, as the defendant has been appointed and is acting as administratrix. The order should be reversed, with $10 costs and the disbursements of this appeal, and the motion for a bill of particulars denied, with $10 costs.

Order reversed, with $10 costs and the disbursements of this appeal, and motion for bill of particulars denied, with $10 costs. All concur.