(112 App. Div. 775)

### ST. REGIS PAPER CO. v. SANTA CLARA LUMBER CO.

(Supreme Court, Appellate Division, Third Department. March 7, 1906.)

1. PLEADING—BILL OF PARTICULARS—MOTION—SUPPORTING AFFIDAVITS.

A motion for a bill of particulars, though made by a corporation, must be founded on the affidavit of the party; the affidavit of the attorney alone being insufficient, unless some well-stated reason exists why the affidavit of the party cannot be secured.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 978.]

2. SAME—ABSENCE OF OFFICERS.

The fact that no officer of defendant corporation was within the county when the motion was made by defendant for a bill of particulars was not a sufficient reason why the supporting affidavit was not verified by one of such officers instead of the attorney.

3. SAME—KNOWLEDGE OF AFFIANT.

Where the attorney for defendant corporation in making an affidavit for a bill of particulars did not assume to have personal knowledge of the essential facts, but averred that he had conferred with the officers of defendant, and had been informed by them and each of them that they never took or converted any such "other machinery," as was alleged in the complaint, and had no knowledge as to what such allegation referred to, and had been unable to ascertain the same, such affidavit was insufficient.

Appeal from Special Term, Franklin County.

Action by the St. Regis Paper Company against the Santa Clara Lumber Company. From an order requiring plaintiff to serve a bill of particulars, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHESTER, and COCHRANE, JJ.

Elon R. Brown, for appellant.

Andrew J. Nellis, for respondent.

CHESTER, J. In the complaint it is alleged that "the defendant wrongfully and unlawfully took and carried away and converted to its own use property of the plaintiff of the value of ten thousand dollars, consisting of a large gang, planer, pulleys, shafting, and other machinery." The order appealed from requires the plaintiff to serve upon the defendant's attorney a bill of particulars of the property mentioned in the complaint, which shall state in detail what the "other machinery" mentioned in the complaint consisted of, and that the exact item and value thereof be given. The order was granted solely upon the affidavit of one of the defendant's attorneys, in that he states that he "has conferred with the officers of the defendant, and has been informed by them, and each of them, that they never took or converted any such 'other machinery,' as is alleged in the complaint; that they have no knowledge as to what said allegations refer to, and have been unable to ascertain the same." The only reason given why the affidavit is not verified by one of the officers of the defendant is "that no officer of the defendant is at the date hereof within the county of Franklin." In Toomey v. Whitney, 81 App. Div. 441, 80 N. Y. Supp. 826, the court says, with reference to an application for a bill of particulars:

"The rule of practice is well settled that motions of this kind must be founded upon the affidavit of the party, and the affidavit of the attorney alone is insufficient, unless some well-stated reason exists for a departure from this rule"—citing authorities.

The fact that the defendant is a corporation does not change the rule. Dueber Watch Case Mfg. Co. v. Keystone Watch Case Co. (Sup.) 21 N. Y. Supp. 342.

While there may be circumstances which will justify the court in granting an application for a bill of particulars upon the affidavit of the attorney of a party, yet no sufficient reason appears in the moving affidavit here for a departure from the rule stated. The reason assigned in the affidavit, that no officer of the defendant was at the date of the verification of the affidavit within the county of Franklin, was insufficient under the authorities. Cohn v. Baldwin, 74 Hun, 346, 26 N. Y. Supp. 457; Dueber Watch Case Mfg. Co. v. Keystone Watch Case Mfg. Co., supra; Wolff v. Kaufman, 65 App. Div. 29, 72 N. Y. Supp. 500.

The attorney does not make it appear that he had personal knowledge of the essential facts. Nor does he assume to have. If the officers of the defendant had no knowledge of what the term "other machinery" referred to, that fact should be shown other than by the unsworn statements of such officers to the attorney. Under such circumstances,

the affidavit of the attorney is insufficient. Mungall v. Bursley, 51 App. Div. 380, 64 N. Y. Supp. 674.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, but with leave to the defendant to renew its application upon new or additional papers. All concur.