STROHOEFER v. SECURITY MUT. LIFE INS. CO.

(Supreme Court, Appellate Division, Second Department.   January 26, 1912.)

1. PLEADING (§ 323*) — BILL OF PARTICULARS — REQUISITES — AFFIDAVIT OF PARTY.

A motion for a bill of particulars must be founded upon the affidavit of a party, unless a well-stated reason exists for departure from the rule, so that where an affidavit, filed in support of such a motion, was made by an attorney, even though it states that his client told him that he was entirely ignorant of the matters pleaded, and concerning which particulars were sought, it is insufficient.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 976–979; Dec. Dig. § 323.*]

2. PLEADING (§ 323*) — BILL OF PARTICULARS — REQUISITES — AFFIDAVIT OF PARTY.

Where, in an action by an assignee of an insurance policy to recover premiums paid, for false and fraudulent misrepresentations of the company, a motion for a bill of particulars, interposed to a defense setting up that the policy holder paid premiums with knowledge of the facts relied upon in the action, is insufficiently supported by an affidavit that plaintiff was ignorant of the matters specified in the defense, as it does not show that the matters were not known to plaintiff's assignor.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 323.*]

Appeal from Special Term, Kings County.

Action by John W. Strohoefer against the Security Mutual Life Insurance Company.   From an order granting a motion for a bill of particulars of a defense alleged, defendant appeals.   Reversed, and motion denied.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Harvey D. Hinman and Jay L. Gregory, for appellant.
Henry Hogeboom, for respondent.

BURR, J.   Plaintiff brings this action as assignee of Kilian Strohoefer to rescind the contract entered into on the 20th of August, 1895, for insurance upon the life of the said Kilian Strohoefer, and to recover the premiums paid by the said assignor down to August 20, 1905.   The right to rescind is based upon an allegation of false and fraudulent misrepresentation as to payment of premiums upon life insurance policies during the year in which the policy was issued, and with regard to cash accumulations and the cash surrender value thereof at a subsequent period.   Defendant, denying the representations, sets up as a so-called further and separate defense that, after the said Kilian Strohoefer and the plaintiff had been duly and fully advised and informed of the true facts, situation, and condition concerning the declaration and payment or nonpayment of dividends, and also that no dividend had been earned or declared under the policy mentioned and described in the complaint, voluntary payments of the premiums coming due thereunder were made.   A motion was made for a bill of particulars as to this defense, which should state whether the notice was in writing or oral, what was written or stated in the

notice, the person or persons that gave the same, and the date and place where it was given. From an order granting the motion, this appeal is taken.

[1] The motion was based upon the complaint and an affidavit of the attorney for the plaintiff to the effect that plaintiff had informed him that he was entirely ignorant in respect to the matters concerning which particulars were sought. Defendant, appearing, interposed a preliminary objection as to the sufficiency of the moving papers. We think that this objection was well taken. As a general rule, a motion for a bill of particulars must be founded upon the affidavit of the party, and the affidavit of the attorney alone is insufficient, unless some well-stated reason exists for a departure from this rule. St. Regis Paper Co. v. Santa Clara Lumber Co., 112 App. Div. 775, 98 N. Y. Supp. 572; Toomey v. Whitney, 81 App. Div. 441, 80 N. Y. Supp. 826; Stevens v. Smith, 38 App. Div. 119, 56 N. Y. Supp. 540. No sufficient reasons are disclosed in this case for a failure to present the affidavit of plaintiff. It is true that the moving affidavit states that plaintiff had informed his attorney that he was ignorant in respect to the matters specified. Unless some reason is shown why plaintiff's affidavit cannot be obtained, defendant is entitled to his sworn statement, and not to a statement made to his attorney not under oath.

[2] Again, if Kilian Strohoefer, plaintiff's assignor, had knowledge of the facts stated in defendant's answer, and these constitute a defense, plaintiff could not recover, even though he might have been ignorant thereof. There is no statement by any one that Kilian Strohoefer was not fully advised in respect to the matter.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion for a bill of particulars denied, with $10 costs. All concur.