(157 App. Div. 361.)

### ASTOR MORTGAGE CO. v. TENNEY.

(Supreme Court, Appellate Division, First Department. June 13, 1913.)

PLEADING (§ 317*)—BILL OF PARTICULARS—MATTERS INCLUDED.

    In an action to recover a commission for procuring the acceptance of a mortgage loan, with a count in quantum meruit for the same services, defendant admitted that he obtained the loan, but denied every other material allegation of the complaint, and by affidavit showed that he made no contract, had no negotiations with the plaintiff, either directly or indirectly, with respect to the loan, that he had been unable to obtain any information from his employés, and was wholly without information concerning the facts alleged. *Held* that, on proper affidavit and demand, defendant was entitled to particulars stating whether or not the contract on which the first cause of action was based was oral or in writing, and, if in writing, to a copy thereof, and to a statement by whom, when, and where the contract, if oral, was made in his behalf, and whether the notice of plaintiff's application to the bank, and its request that defendant sign it and send a check, were oral or in writing, and, if oral, to whom, when, and where given and made, and, if in writing, to a copy thereof, and as to whether the request that plaintiff perform the services was oral or in writing, and, if oral, by whom and when and where made, and, if in writing, to a copy thereof.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

Appeal from Special Term, New York County.

Action by the Astor Mortgage Company against Henry Allen Tenney. From an order in so far as it denies in part his motion for a bill of particulars, defendant appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Henry B. Johnson, of New York City, for appellant.
Frank R. Greene, of New York City, for respondent.

LAUGHLIN, J. Two causes of action are alleged in the complaint in separate counts. In the first the plaintiff alleges that on or about the 8th day of December, 1911, it was employed by defendant as a broker to procure the acceptance of a first mortgage loan for $25,000 on premises and terms therein specified; that it opened negotiations with the Sag Harbor Savings Bank, and interested said bank therein to the extent that on or about the 14th day of December, 1911, it of-

fered to consider making the loan, if plaintiff would transmit a formal application, signed by its client, inclosing a check for $10 to cover costs of appraisal; that plaintiff immediately duly notified defendant and requested him to sign the application and to inclose his check, to be transmitted to the bank to cover the expenses of appraising the property; that defendant wholly failed to comply with this request, and without the knowledge or consent of, and for the purpose of defrauding, the plaintiff, immediately opened negotiations with the bank, and obtained the loan upon the same terms through such direct negotiations; that it was agreed that plaintiff should receive 10 per cent. of the amount of the loan for its commissions and disbursements; and that payment of said amount has been duly demanded of defendant and refused. The second count is a quantum meruit for the same services.

The defendant by his answer admits that he obtained a loan from the Sag Harbor Savings Bank for the amount and upon the terms specified in the complaint; but every other material allegation of the complaint is denied. The affidavit of the defendant, upon which the application for the bill of particulars was made, shows, among other things, that he made no contract and had no negotiations with the plaintiff, either directly or indirectly, with respect to procuring the loan, and that he has been unable to obtain any information in the premises from his employés, and, in effect, that he is wholly without information concerning the facts alleged in the complaint.

The application was granted to the extent of requiring the plaintiff to give a bill of particulars stating whether or not the contract on which the first cause of action is based was oral or in writing, and, if in writing, to set forth a copy thereof. The defendant's demand for a bill of particulars in all other respects was denied. If the contract was oral, the defendant sought, among other things, to ascertain further by a bill of particulars by whom, when, and where it was made in behalf of defendant, and whether the notice to the defendant of plaintiff's application to the bank, and the action of the bank thereon, and plaintiff's request that defendant sign the application and send a check, were oral or in writing, and, if oral, to whom and when and where given and made, and, if in writing, that a copy be set forth. With respect to the second cause of action the defendant desired information by bill of particulars, among other things, as to whether the request that plaintiff perform the services was oral or in writing, and, if oral, by and to whom, and when and where made, and, if in writing, that a copy be set forth.

We are of opinion that the defendant was entitled to a bill of particulars, in addition to that granted by the order, to the extent we have enumerated his demand therefor. The rule is well settled that, where a party is without information concerning a contract alleged to have been made, or other negotiations or proceedings alleged to have been had or taken, by him through an agent, he is entitled to a bill of particulars, giving the name of the agent, and specifying the time and place, and to a copy of any contract or other writing. Rhodes v. Adams, 113 App. Div. 304, 98 N. Y. Supp. 913; Fischel v. Fischel,

121 App. Div. 868, 106 N. Y. Supp. 815; Knickerbocker Trust Co. v. Packard, 109 App. Div. 421, 96 N. Y. Supp. 412; Taylor v. Security Mutual Life Ins. Co., 73 App. Div. 319, 76 N. Y. Supp. 671; Riker v. Erlanger, 87 App. Div. 137, 84 N. Y. Supp. 69; Diets v. Leber, 33 App. Div. 563, 53 N. Y. Supp. 977. In all other respects we are of opinion that the motion was properly denied.

It follows that the order for the bill of particulars should be modified, by granting the motion therefor to the further extent herein specified, and, as so modified, affirmed, with $10 costs and disbursements. All concur.