GENERAL FILM COMPANY, INC., Respondent, *v.* THE LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY OF LIVERPOOL, ENGLAND, Appellant.

First Department, February 21, 1918.

Pleading — bill of particulars — when affidavit of party applying for bill required — when moving affidavit by attorney insufficient.

The stringency of the rule requiring an affidavit of a party as a basis for a bill of particulars or other relief has been relaxed to some extent, and particularly when it appears that the attorney was familiar with the material facts and was in a position to make the affidavit quite as well if not better than the client; but the rule has not been abandoned and is peculiarly applicable to a case where the bill of particulars is not necessary to limit the issues, and should not be granted if the plaintiff possesses the information required by the bill of particulars.

Where, in an action to recover for loss under a fire insurance policy, the defendant alleged that the fire occurred while the property was in the possession of a company which the plaintiff, unknown to the defendant had by contract relieved from liability, and that the policy expressly provided that such a contract should constitute a cancellation thereof, a demand by the plaintiff after the service of the answer for a bill of particulars as to the name of the person claimed to have made the alleged contract and when and where it was made should not be granted, solely on the affidavit of one of its attorneys to the effect that he was informed by plaintiff that after diligent inquiry from its officers and employees it was unable to discover that any person in its employ made the agreement, especially where no one familiar with the business of the plaintiff made an affidavit denying the making of the contract as alleged by the defendant or denying knowledge with respect to who assumed to represent it, or his name.

APPEAL by the defendant, The Liverpool and London and Globe Insurance Company of Liverpool, England, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of

New York on the 20th day of September, 1917, granting plaintiff's motion for a further bill of particulars.

*Arthur W. Clement* of counsel [*Wilson E. Tipple* with him on the brief; *Tipple & Plitt*, attorneys], for the appellant.

*William M. Seabury* of counsel [*George Trosk* with him on the brief; *Seabury, Massey & Lowe*, attorneys], for the respondent.

LAUGHLIN, J.:

The action is brought to recover for a loss under a fire insurance policy. The defendant pleaded, among other things, that the fire which resulted in the loss occurred while the property was in the possession of the Exhibitor's Service Company which the plaintiff, unknown to the defendant, had by contract relieved from liability, and that the policy on which the action was brought expressly provided that such a contract should constitute a cancellation of the policy. After the service of the answer the plaintiff demanded a bill of particulars of various items and the defendant served a bill of particulars with respect to some of them. The particulars which the defendant has been required to give are the name of the person who it is claimed in behalf of plaintiff made the alleged agreement with the Exhibitor's Service Company and when and where it was made. The plaintiff in its demand did not request the defendant to give the name of the person who assumed to act for it in making said agreement but only the name of the person who assumed to represent the Exhibitor's Service Company in making the agreement, and the bill of particulars served complied with the demand in that regard.

This, of course, is a proper case for a bill of particulars provided the plaintiff is without information concerning the making of the contract pleaded as a defense. (*Astor Mortgage Company* v. *Tenney*, 157 App. Div. 361.) No one familiar with the business of the plaintiff made an affidavit denying the making of the contract as alleged by the defendant or denying knowledge with respect to who assumed to represent it or his name. The order was granted solely on the affidavit of one of the attorneys for the plaintiff and is to the effect that he was informed by plaintiff that after diligent inquiry

from its officers and employees it was unable to discover that any person in its employ made the agreement.

The stringency of the rule requiring an affidavit of a *party* as a basis for a bill of particulars or other relief has been relaxed to some extent and particularly when it appears that the attorney was familiar with the material facts and was in a position to make the affidavit quite as well if not better than the client; but the rule has not been abandoned and is peculiarly applicable to a case where the bill of particulars is not necessary to limit the issues, and should not be granted if the plaintiff possesses the information required by the bill of particulars. Here, if the plaintiff made the contract, it is entirely unnecessary that it be informed who acted for it. The only reason for a bill of particulars with respect to who assumed to act for a party in making a contract and when and where it is claimed that the contract was made is to enable the party denying the making of the contract to prepare to meet the evidence which the other party intends to present to charge him with responsibility for the contract. Notwithstanding the fact that some officer or employee of the plaintiff informed its attorney that plaintiff was not aware that this contract was made or who assumed in its behalf to make it, still such officer or employee was not under oath in giving that information and the corporation may know or be able to ascertain from its records and papers that the contract was made and who assumed to act for it, which is all that is required. The record fails to disclose a sufficient reason for the failure to present an affidavit made by some one in behalf of the plaintiff in a position to know what information it possesses in the premises and, therefore, the general rule requiring such an affidavit must be enforced. (*Strohoefer* v. *Security Mut. Life Ins. Co.*, 148 App. Div. 763; *Stevens* v. *Smith*, 38 id. 119; *Mayer* v. *Mayer*, 29 id. 393.)

It follows that the order should be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

Clarke, P. J., Dowling, Page and Shearn, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.