### CASSIDY v. LEHIGH VALLEY R. CO.
### No. 6039.

District Court, E. D. New York.

June 4, 1934.

Stephen A. Machcinski, of New York City, for plaintiff.

Alexander & Green, of New York City, for defendant.

MOSCOWITZ, District Judge.

The motion for a bill of particulars herein is opposed upon the ground that the affidavit upon which the demand for a bill of particulars is made is verified by the attorney instead of an officer of the defendant.

The affidavit is as follows:

"State of New York, County of New York ss.:

"Herbert S. Ogden, being duly sworn, deposes and says that he is an attorney and counsellor at law and a member of the firm of Alexander & Green, the attorneys for the defendant in the above entitled action, and that he is counsel for the defendant therein.

"That, from a statement of the case made to deponent by the defendant, its officers and employees, deponent verily believes that the defendant has a good and substantial defense on the merits to the alleged cause of action set forth in the complaint herein or to some part thereof.

"That, in deponent's opinion, the defendant cannot safely proceed to trial without being furnished with the particulars of plaintiff's claim herein as set forth in the foregoing notice of motion, and that it is necessary for the defendant to be furnished with said particulars of the plaintiff's claim in order to enable the defendant properly to prepare for the trial and in order to define the issues herein.

"This action is at issue and is on the Common Law Calendar of this Court.

"Herbert S. Ogden

"Sworn to before me this 18th day of May, 1934.

"R. Damm,
"Notary Public, Kings County."

It does not appear from said affidavit that the attorney is familiar with the material facts. No reason is stated why an affidavit cannot be procured from one of the officers of the defendant; it being conceded that there are officers within the jurisdiction of this court.

The affidavit of an attorney on a motion for a bill of particulars is insufficient unless some good reason is given for a departure from this rule; for example, where none of the officers of the defendant corporation are within the jurisdiction of the court, the attorney who had familiarity with the facts could make an affidavit.

The established practice of the New York state courts is that the plaintiff is entitled to a sworn statement of the defendant. Strohoefer v. Security Mutual Life Insurance Co., 148 App. Div. 763, 133 N. Y. S. 289. This is an action in common law. No reason is suggested why this practice should not be followed.

Motion denied, with leave to renew.

Settle order on notice.