RAY T. HACKETT, Plaintiff, *v.* FRANK W. WALTERS and HAZEL C. WALTERS, Defendants.

Supreme Court, Special Term, Broome County, April 30, 1937.

*Charles R. Cohen* [*Ray T. Hackett* appearing in person, of counsel], for the plaintiff.

*Albert Orenstein,* for the defendants.

PERSONIUS, J. The plaintiff sues to recover for legal services and disbursements. The defendants move for a bill of particulars under paragraph (b) of rule 115 of the Rules of Civil Practice. No demand was served.

The moving papers are insufficient. The motion is supported only by the affidavit of the defendants' attorney. It shows no reason for failing to produce an affidavit by the defendants, or one of them. The attorney does not claim to have any personal knowledge of the facts. He contents himself with the allegation that he has talked with the defendants concerning the facts of the case and that they have disclosed to him the situation as they understand it. This is not sufficient. (*General Film Co., Inc.,* v. *L. & L. & Globe Ins. Co.,* 181 App. Div. 862; 3 Carmody's New York Prac. 2435.)

We are not unmindful of paragraph (f) of rule 115 of the Rules of Civil Practice which provides that such an affidavit may be " made by the party or the attorney." This was always true. But by whomever made, the affidavit must be sufficient. The rule does not dispense with the requirement that if made by the attorney, his affidavit must show his knowledge of the facts. To require a bill of particulars on the affidavit of an attorney having no knowledge of the facts would, we think, be unwise. In effect it would warrant the granting of a bill of particulars on any subject upon mere request.

Certainly it is not too much to ask the moving party to support his motion by his affidavit or the affidavit of one having knowledge of the facts.

Motion is denied, with leave to renew on payment of ten dollars costs.

Submit order accordingly.