JULIUS EMSPAK, as General Secretary-Treasurer of United Electrical, Radio and Machine Workers of America, C. I. O., an Unincorporated Association, Plaintiff, *v.* JAMES J. CONROY et al., Defendants.

Supreme Court, Special Term, Queens County, June 28, 1948.

*Delson, Levin & Gordon* for defendants.

*Frank Scheiner* for plaintiff.

HALLINAN, J. A bill of particulars, purporting to be in compliance with an order of this court dated March 12, 1948, was

served upon the defendants who now move for a further bill with respect to item 30, and that the entire bill of particulars be verified by the general secretary-treasurer or some other officer of the plaintiff union having knowledge of the facts.

Plaintiff's attorney in his opposing affidavit states that the omission of a response to item 30 was an unintentional oversight and that he will furnish the information. He urges, however, that the bill of particulars as served was properly verified by himself pursuant to subdivision 3 of rule 99 of the Rules of Civil Practice; he stated " that the reason why this verification is not made by the plaintiff is that the plaintiff is not within the County where such attorney has his office." He further urges that the defendants' objection to the verification by himself as attorney is a formal objection to a paper within the purview of rules 10 and 11 of the Rules of Civil Practice, and that under rule 12 the defendants' failure to return the bill within twenty-four hours after its receipt, together with a statement of the objections, constitutes a waiver.

It is, of course, true that a waiver of the noncompliance with the requirements of rules 10 and 11 results when a party on whom a paper is served fails to return it within twenty-four hours after the receipt thereof with a statement of the particular objection to its receipt (Rules Civ. Prac., rule 12). However, rule 10 relates to the legibility and size of papers, etc., and rule 11 to the subscription and indorsement by an attorney; neither has any reference to the verification of pleadings or bills of particulars.

An attorney may verify a pleading under subdivision 3 of rule 99 of the Rules of Civil Practice. Since the function of a bill of particulars is to furnish the details of a pleading, an attorney may verify a bill of particulars (Rules Civ. Prac., rule 117). However, the mere statement in the verification that it is made by the attorney rather than by the party because the latter is not within the county where such attorney has his office should " be supplemented by the narration of the basis of his knowledge and the grounds for his belief ". (McCullen, Bills of Particulars, § 207, p. 228.) This is particularly so where, as here, the order directing the service of the bill of particulars contains a provision " that in the event the plaintiff is unable to furnish the particulars of any of the items ordered, he shall so state under oath and with respect to such particulars shall furnish such items in a supplemental Bill of Particulars to be served within ten (10) days after the completion of the examina-

tion before trial of the defendants directed to be held by order * * * dated February 24, 1948.'' (Cf. *Breyer* v. *Bloch,* 205 App. Div. 255; *Hackett* v. *Walters,* 162 Misc. 730.)

The motion is granted in accordance. Settle order on notice.