## SMITH *v.* JOHNSTON.

*(Supreme Court, General Term, First Department.  March 29, 1889.)*

PLEADING—BILL OF PARTICULARS.

    Defendant gave notice to plaintiff in March to furnish a bill of particulars. In the following June he moved to compel plaintiff to furnish the bill of particulars. The June term was then ended, and no delay was caused by granting the motion. *Held*, under Code Civil Proc. N. Y. § 531, providing that the court may in any case direct a bill of particulars, that the granting or withholding of the order was in the discretion of the court.

Appeal from special term, New York county.

Action by William C. Smith against Walter S. Johnston, receiver of the Marine National Bank, to recover for certain labor and services. Plaintiff appeals from an order directing him to furnish a bill of particulars to defendant.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*Butler, Stillman & Hubbard, (John Notman,* of counsel,) for appellant. *Bangs, Stetson, Tracy & MacVeagh, (Charles E. Tracy,* of counsel,) for respondent.

MACOMBER, J. The action is to recover compensation due upon an alleged contract for work, labor, and services performed by the plaintiff in behalf of the defendant from the month of May, 1884, to the last of December, 1884, in and about the management of the properties and affairs of certain corporations and of their property in Kansas, and known as The Wyandotte Water Company and Armourdale Water Company, and in and about the sale of bonds, capital stock, etc., of those companies, and in and about acquiring for the defendant certain judgments and obtaining for the defendant certain coupons, etc. The answer puts in issue all the allegations of the complaint. The motion to compel the plaintiff to deliver a bill of particulars was not made until June, 1888, but the notice to him to furnish such bill was served as early as the month of March in that year. The granting of the order caused no delay in the trial of the cause in June, for it appears that it was not made until after the adjournment of the trial court for that month. No rights were waived by the defendant by omitting to make the motion for a bill of particulars during that period of time. The language of the Code (section 531) is of very comprehensive character. By it the court may in any case direct a bill of particulars. *Dwight* v. *Insurance Co.,* 84 N. Y. 502. The granting or withholding of the order rested in the sound discretion of the judge, and seems to have been properly exercised. The order should be affirmed, with $10 costs and disbursements. All concur.