ROBERTS *v.* CULLEN *et al.*

*(Common Pleas of New York City and County, General Term.* November 4, 1891.)

PLEADING—BILL OF PARTICULARS IN EJECTMENT.

Under Code Civil Proc. N. Y. § 531, which provides that "the court may, in any case, direct a bill of the particulars of the claim of either party to be delivered to the adverse party," defendant is entitled to a bill of particulars in ejectment showing what particular land is sought to be recovered, and the nature of plaintiff's alleged title thereto, but not to a statement "of the facts upon which said claim is based."

Appeal from special term. Modified.

Action by Edward Roberts, plaintiff, against John Cullen and others, defendants, to recover the possession of land. From an order directing plaintiff to furnish a bill of the particulars of his claim, plaintiff appeals.

Code Civil Proc. N. Y. § 531, provides that "the court may, in any case, direct a bill of the particulars of the claim of either party to be delivered to the adverse party."

Argued before DALY, C. J., and ALLEN and BISCHOFF, JJ.

*Daniel G. Rollins, (Robert Hunter McGrath, Jr.,* of counsel,) for appellant. *Daniel Daly,* for respondents.

BISCHOFF, J. We agree with the learned judge at special term that the authority of the court to require one party to an action to furnish to the other a bill of the particulars of his claim extends to actions of ejectment, and that by means of such a bill the party may be directed to apprize the other of the particular land of which possession is sought to be recovered, and whether his alleged right to recover possession is derived through grant, devise, descent, adverse possession, or estoppel. The order appealed from, however, goes further. It requires plaintiff to furnish defendants with a bill of particulars of his claim, "and of the facts upon which said claim is based," and as to the language in quotations it is objectionable. The language referred to is susceptible of no other interpretation than that the plaintiff is thereby directed to supply defendants with a detailed statement of the means by which he will substantiate his claim of right to possession at the trial. Such a requirement calls for the disclosure of the evidence, and transcends the office of a bill of particulars. Plaintiff is entitled to prove his right to recover possession by whatever lawful means may be at his command at the time of trial, and if that right be curtailed by requiring him to furnish the defendants with a statement of the means of his proof, to the preclusion of evidence thereafter discovered, or of means the value as evidence of which was not known to him at the time of compliance with the order, it is apparent that the hardship resulting to him would be as great, if not greater, than that which could be occasioned to the defendants by surprise at the trial, when the indulgence of the court by postponement might yet afford at least partial alleviation. The order appealed from should be modified by striking therefrom the words, "and of the facts upon which said claim is based," and as so modified the order is affirmed, without costs. All concur.