HALSTED v. HALSTED et al.

(Superior Court of New York City, General Term. March 6, 1893.)

PLEADING—BILL OF PARTICULARS.

 In an action for admeasurement of dower, a bill of particulars, stating that plaintiff's allegation of widowhood is founded on a nonceremonial marriage contracted at a certain time and place, and in the presence of certain witnesses, is all that can be required; and a motion for an additional bill giving the last known address of such witnesses, the places where plaintiff and decedent cohabited, the persons before whom, and their addresses, and the time and places where, acts were performed or declarations made establishing the marriage, a statement of any acknowledgment by decedent of plaintiff as his wife, the place where, time when, and persons before whom such acknowledgment was made, and the hour of the day when the marriage was contracted,—is properly refused, as calling for a disclosure of plaintiff's evidence.

Appeal from special term.

Action by Florice von Ax Halsted against Jacob H. Halsted and others for admeasurement of dower. From an order denying a motion for an additional bill of particulars, defendants appeal. Affirmed.

Argued before SEDGWICK, C. J., and GILDERSLEEVE, J.

Platt & Bowers, (John M. Bowers, of counsel,) for appellants.
Lewinson & Falk, for respondent.

GILDERSLEEVE, J.  This is an action for admeasurement of
dower.  The only issue between the parties arises from the denial by
defendants of plaintiff's claim that she is the lawful widow of defend-
ants' testator, one Jacob Halsted, deceased.  The plaintiff, in pursuance
of an order of the court, served a bill of particulars, alleging that "the
allegation of widowhood in the complaint is founded upon a noncere-
monial marriage, contracted and consummated on or about April 4, 1889,
in the apartments then occupied by the plaintiff, at No. 356 West
Fifty-Sixth street, New York city, there being present at the time of
the making of the marriage agreement one George Baillard and Helene
D'Enghien as witnesses."  The defendants then interposed their an-
swers, and moved for an additional bill of particulars as to the follow-
ing matters:

"(1) The last known addresses of George Baillard and Helene D'Enghien, the
two persons mentioned in the bill of particulars, already furnished, as having
been witnesses to the alleged marriage of the plaintiff with Jacob Halsted, de-
ceased.  (2) The place or places where it is claimed the plaintiff and the said
Jacob Halsted cohabited together as husband and wife.  (3) A statement of the
persons and their addresses before whom acts were performed or declarations
made which are claimed to establish such marriage, and the time and place
where such acts or declarations were made.  (4) A statement of any acknowl-
edgment at any time made by the said Jacob Halsted of the plaintiff as his wife,
the places where made, and the names of any persons, with their addresses, in
whose presence such declarations were made.  (5) The time when, and the names
and addresses of any person or persons before whom, it is claimed that the said
Jacob Halsted held out or recognized the said plaintiff as his wife.  (6) The
hour of the day on April 4, 1889,—the day alleged in the bill of particulars,—when
the alleged marriage was contracted in the apartments of the plaintiff, 356 West
Fifty-Sixth street."

The motion was denied, and from the order denying such motion
the defendants appeal to the general term.

We are of opinion that the defendants' demand is much too compre-
hensive.  The demand of the defendants almost amounts to a demand
that plaintiff shall supply them with a detailed statement of the means
by which she expects to substantiate her claim at the trial; and clearly
such a requirement calls for a disclosure of the evidence, and transcends
the office of a bill of particulars.  Roberts v. Cullen, (Com. Pl. N. Y.)
16 N. Y. Supp. 517.  The purpose of a bill of particulars is to limit
the generality of the complaint, and prevent surprise at the trial, not
to furnish evidence; and where the demand seems calculated to enable
defendants to seek evidence to meet the claim, rather than to ascertain
the items of which it is composed, it should be denied.  Gee v. Manu-
facturing Co., 12 Hun, 630; Drake v. Thayer, 5 Rob. (N. Y.) 694.
The bill of particulars should be confined to the claim, (Code, § 531,)
and there are no allegations in the complaint that would warrant the
court in compelling the plaintiff to comply with defendants' demands.
The complaint merely alleges that plaintiff is the widow of the testa-
tor, and on defendants' demand has already given a bill of particulars
of the alleged marriage, the place, date, and the names of the wit-

nesses. It is not the office of a bill of particulars to apprise defendants of the nature of plaintiff's proofs, or the names of her witnesses. Dempewolf v. Hills, 53 N. Y. Super. Ct. 105. Nor is it given or required for the purpose of disclosing to an adverse party the case relied upon, nor the proof to substantiate the same. Its entire scope and nature is to furnish information to an opponent and to the court of the specific proposition for which the party contends. Stevens v. Webb, 4 Civil Proc. R. 64; Higenbotam v. Green, 25 Hun, 214. But it is not its purpose to disclose the evidence relied upon to establish any proposition. Ball v. Publishing Co., 38 Hun, 11. The bill of particulars already given is all that is warranted by the allegations of the complaint, and it is sufficiently comprehensive to prevent defendants from being taken unduly by surprise at the trial. The order appealed from must be affirmed, with $10 costs and disbursements.