EMMA J. CHAPMAN, Respondent, v. LAURA M. WACKERMAN, as Executrix, etc., of SARAH R. TORKINGTON, Deceased, Appellant.

*Bill of particulars as to delivery, etc., of a promissory note — an order denying a motion for, is reviewable upon appeal — when it should be reversed.*

Although the granting or withholding of an order to furnish a bill of particulars rests in the sound discretion of the court, such discretion is reviewable upon appeal.

The circumstances considered which necessitate the reversal of an order denying the defendant's motion for a bill of particulars in an action brought upon a promissory note, and the granting of the motion therefor requiring the plaintiff to disclose the name of the payee of the note in suit or the person to whom it was first delivered, together with the time and place of such delivery, and his place of residence.

APPEAL by the defendant, Laura M. Wackerman, as executrix, etc., of Sarah R. Torkington, deceased, from an order of the Supreme Court, made at the Monroe County Special Term and entered in the office of the clerk of the county of Monroe on the 31st day of August, 1893, denying the defendant's motion for a bill of particulars.

*George A. Carnahan*, for the appellant.

*Fanning & Williams*, for the respondent.

HAIGHT, J.:

This action was brought upon a promissory note alleged to have been made by Mrs. S. R. Torkington, the defendant's testatrix. The note is for the sum of $12,000, dated at Rochester, New York, July 6, 1889, and is payable on demand to bearer at the office of George Rumble, Chicago, Illinois, or at Rochester, New York, with interest at six per cent per annum after date until paid.

The defendant, in her moving affidavit, states that she did not know of the existence of the note until the same was presented to her as executrix after the will of her testatrix had been admitted to probate, and she asks for a bill of particulars setting forth : *First*, the particular time and place where the note set forth in the complaint was delivered to the payee thereof ; *second*, the name and place of residence of said payee ; *third*, the particular time and place, when and where said note was delivered or transferred to C. D. Bush ; *fourth*, a particular statement of the consideration for the transfer of said note by the payee thereof to said C. D. Bush.

As we have seen, the note is payable to bearer and does not name a payee. The complaint does not disclose the name of the payee, but alleges that the note, at the time of the making thereof, was then and there duly delivered to the payee therein named, who afterwards duly transferred the same for value to one C. D. Bush, and that C. D. Bush, prior to the commencement of this action, duly transferred the same to the plaintiff. It appears to us that under the facts presented the name of the payee, or the person to whom the note was delivered upon the making thereof, should be disclosed. It is undoubtedly true that the granting or withholding of the order to furnish a bill of particulars rests in the sound discretion of the court, but that discretion is reviewable here. The maker of the note is dead. The existence of the note was unknown to the defendant until it was presented as a claim against the estate of the deceased. The amount of the note is for more than the entire value of the real and personal property left by the testatrix, and it appears to us that the defendant should be given a reasonable opportunity to investigate the circumstances under which it was made in order to enable her to prepare her defense. She cannot well have such an opportunity without knowing the name of the payee. (*Matthews* v. *Hubbard*, 47 N. Y. 428 ; *Witkowski* v. *Paramore*, 93 id. 467 ; *Tilton* v. *Beecher*, 59 id. 176 ; *Childs* v. *Tuttle*, 48 Hun, 228 ; *Ball* v. *The Evening Post Publishing Co.*, 38 id. 11 ; *Klock* v. *Brennan*, 35 N. Y. St. Repr. 745 ; *Smith* v. *Johnston*, 22 id. 593.)

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for a bill of particulars requiring the plaintiff to disclose the name of the payee of the note,

or the person to whom it was first delivered, together with the time and place of such delivery and his place of residence, should be granted.

DWIGHT, P. J., and LEWIS, J., concurred.

Order appealed from reversed, with ten dollars costs and disbursements, and motion for a bill of particulars granted, requiring the plaintiff to disclose the name and place of residence of the payee of the note, or the person to whom it was first delivered, together with the time and place of such delivery.