(9 Misc. Rep. 105.)

### FOLEY v. JENNINGS.

(Common Pleas of New York City and County, General Term. June 4, 1894.)

PLEADING—BILL OF PARTICULARS.

> In an action by a broker for damages for breach of an alleged contract to pay a certain commission for procuring a purchaser of property at a designated price, all other terms of sale to be negotiated between defendant and the purchaser, the complaint alleged that plaintiff found a purchaser, but that defendant refused to consummate the sale. *Held,* that a bill of particulars stating when and by whom the alleged sale was made will be denied, as the complaint did not allege a sale, but only that a person willing to purchase had been found.

Appeal from special term.

Action by John R. Foley against Abraham G. Jennings. From an order directing a bill of particulars to be filed, plaintiff appeals. Modified.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Henry Schmitt, for appellant.
A. Prentice, for respondent.

PRYOR, J. In substance and effect, the complaint alleges that the defendant retained and agreed to pay plaintiff a named commission for procuring a purchaser of property at a designated price, all other terms of sale, however, to be negotiated between the defendant and the purchaser; that the defendant stipulated to give the plaintiff an option for the sale of the property at the specified price; that the plaintiff found a person willing to take the property at the price; that he so advised the defendant, and demanded the agreed option; that the defendant refused to give the option, and to consummate the sale,—and for the breach of the contract the plaintiff demands damages in the amount of the promised commission.

Obviously, the action is in contract. The answer is virtually a general denial. The defendant demands a bill of particulars stating

where the alleged sale was made.   The complaint says, in terms, that "all plaintiff's firm was to do was to obtain a person or customer who was willing to purchase at the figures mentioned, but as to the terms and manner of payment, and all other terms and conditions of sale, they were to be arranged between the defendant and the purchaser."   Thus, the plaintiff neither agreed to make a sale nor alleges a sale, but avers only an engagement to find a person willing to buy for a certain sum, on such terms as the defendant himself might negotiate.   As no sale has been made, where it was made is not to be told.

Secondly. The defendant wants to know whether the sale was made by a member of plaintiff's firm, and, if not, by whom.   Again the answer is that no sale was made or is alleged, and hence it is impossible to say who made the sale.   If otherwise, it would be immaterial by what particular person the negotiation was conducted, and to compel his disclosure would only put defendant in possession of plaintiff's evidence, which is never the office of a bill of particulars.   Roberts v. Cullen (Com. Pl. N. Y.) 16 N. Y. Supp. 517.

Thirdly. Defendant requires to be informed when, where, and how the purchaser was to pay for the property.   It is an answer to this demand to say that the terms of payment were to be settled between the defendant and the purchaser; and that, the defendant having declined the sale, no time, place, or mode of payment has been determined.

Fourthly. So as to the amount of capital stock of the proposed company, and the proportion defendant agreed to take in payment. This, too, was a detail of arrangement between the defendant and the purchaser, which, as the sale went off, was never adjusted.

As to the option, our conclusion is different.   Surely, its terms were understood between the parties, and it is due to the defendant that he be apprised of the particular option which the plaintiff claims he was to have.

Order modified in conformity with the opinion, and, as so modified, affirmed, without costs to either party as against the other.   All concur.