JOSEPHINE VAN OLINDA, Respondent, v. MARY B. HALL, Appellant.

*Bill of particulars not granted on the attorney's affidavit — failure of the moving party to deny allegations as to harboring plaintiff's husband — inference resulting therefrom — bill of particulars not granted to disclose evidence — discretionary power.*

A motion by the defendant in an action to compel the plaintiff therein to furnish her with a bill of particulars of all the facts and circumstances set forth in the complaint, cannot be granted upon the affidavit of the attorney for the defendant.

Where the defendant moves, in an action brought to recover damages for the alienation of the affections of the plaintiff's husband, that the plaintiff be compelled to furnish her with a bill of particulars of the facts and circumstances set forth in the complaint, the failure of the defendant in her affidavit to deny the charges contained in the plaintiff's complaint and affidavit that she harbored, kept and maintained the plaintiff's husband at her house, raises the inference that the facts so alleged are within her own knowledge.

A bill of particulars under section 531 of the Code of Civil Procedure is never granted for the purpose of requiring the plaintiff in an action to disclose the evidence on which she will rely in the prosecution thereof.

The granting or withholding of an order to furnish a bill of particulars rests in the sound judicial discretion of the court to which the application is made, although the General Term may in a proper case review the exercise of such discretion.

APPEAL by the defendant, Mary B. Hall, from an order of the Supreme Court, made at the Montgomery Special Term and entered in the office of the clerk of the county of Saratoga on the 30th day of July, 1894, denying the defendant's motion to compel the plaintiff to furnish the defendant with a bill of particulars of all the facts and circumstances set forth in the complaint, with notice of an intention to bring up for review upon such appeal said order.

*Will W. Smith,* for the appellant.

*George A. Swart* and *L. Varney,* for the respondent.

MAYHAM, P. J.:

The complaint alleges, in substance, that the defendant on or about the 15th day of December, 1893, and on divers other days and times up to the commencement of this suit, wrongfully intending to injure the plaintiff and deprive her of the support of her husband, enticed him away from the residence of the plaintiff to that of the

defendant, and divers other places, and there has ever since boarded, maintained, harbored and kept her husband against her will; and that during that time, by wiles, arts and evil endearments bestowed upon him by the defendant, has alienated his affection from the plaintiff and caused him to abandon her and cease to recognize her as his wife, or to live and cohabit with her as such, and claims damages.

The answer denies any knowledge or information sufficient to form a belief of the plaintiff's marriage with her alleged husband as set out in the first count of the complaint, and, secondly, denies each and every other allegation of the complaint.

The defendant moved for a bill of particulars of the plaintiff's claim in the action, showing,

"*First.* At what particular time or times, place or places, and by what means the plaintiff expects or intends to prove this defendant enticed plaintiff's husband away from plaintiff.

"*Second.* At what time or times, place or places, and by what wiles, arts and endearments bestowed upon plaintiff's husband, the plaintiff expects or intends to prove this defendant poisoned said husband's mind against plaintiff, and induced him to remain away from plaintiff.

"*Third.* What acts, words or means plaintiff expects or intends to prove, were used by this defendant to induce plaintiff's husband to leave plaintiff, or remain away from her, or poison his mind against plaintiff, or alienate his affections from plaintiff, or for such further order or relief as the court may grant in the premises, and costs of this motion."

In support of this demand the defendant produced the affidavits of the defendant and her attorney to the effect that the complaint was not sufficiently specific to enable the defendant to prepare to defend the action.

The plaintiff by her affidavit, in answer to the defendant's motion, avers that she has no personal knowledge of the facts alleged in the complaint of the wiles and artifices used by the defendant to alienate her husband's affection, and charges that all the facts therein alleged are within the personal knowledge of the defendant, and repeats her allegations on information and belief that her husband has stayed with the defendant at Saratoga and other places, as alleged in the complaint.

On these facts the Special Term denied the defendant's motion,

the judge writing no opinion, and the ground of his decision not being stated in the order.

The affidavit of the attorney for the defendant in support of this motion is of little or no effect, as it seems to be well settled upon authority that such a motion cannot be granted upon the affidavit of the attorney. (*Dueber Watch Case Mfg. Co.* v. *Keystone Watch Case Co.*, 50 N. Y. St. Repr. 417; *Gridley* v. *Gridley*, 7 N. Y. Civ. Proc. Rep. 215; *Hoeninghaus* v. *Chaleyer*, 22 N. Y. St. Repr. 528.)

So that the case stands upon the affidavits of the plaintiff and defendant. Upon the facts therein stated we see no reason for reversing the order of the Special Term. The defendant in her affidavit on this motion does not deny the charges in the complaint and affidavit of the plaintiff, that she harbored, kept and maintained the plaintiff's husband at her house, which failure raises an inference that the facts alleged are within her own knowledge. (*Fink* v. *Jetter*, 38 Hun, 163; *Young* v. *De Mott*, 1 Barb. 30: *Hawes* v. *Foote*, 9 Misc. Rep. 203; *Constable* v. *Hardenbergh*, 59 N. Y. St. Repr. 318; 76 Hun, 434.)

The defendant having served her answer in this case, taking issue on the general allegations of the complaint, a bill of particulars in an action of this character would be only an order requiring the plaintiff to disclose the evidence on which she will rely in the prosecution of her action.

A bill of particulars under section 531 of the Code of Civil Procedure is never granted for such a purpose. (*Hazard* v. *Birdsall*, 61 Hun, 208; 40 N. Y. St. Repr. 707; *Bennett* v. *Wardell*, 43 Hun, 452; *Roberts* v. *Cullen*, 40 N. Y. St. Repr. 672.)

The granting or withholding of an order to furnish a bill of particulars rests in the sound judicial discretion of the court in which the application is made (*Smith* v. *Johnston*, 22 N. Y. St. Repr. 593), and while the General Term may in a proper case review the exercise of that discretion and reverse the order, yet the facts of this case do not justify such interference.

The order must be affirmed, with ten dollars costs and printing and other disbursements.

PUTNAM and HERRICK, JJ., concurred.

Order affirmed, with ten dollars costs and printing and other disbursements.