KELLOGG v. GRIFFITHS.

(Supreme Court, Appellate Division, Second Department. February 28, 1908.)

PLEADING—BILL OF PARTICULARS—WHEN REQUIRED.

In an action for dissolution of a partnership and an accounting, plaintiff partner was improperly required to furnish a bill of particulars covering the allegation of his complaint that defendant partner misapplied moneys, and that to conceal the fact he had not balanced the books of which he had always had possession, since, unless a partner makes claim for moneys not evidenced by or intelligible from the entries on the books. one partner has presumptively as much knowledge as the other.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 972.]

Appeal from Special Term, Nassau County.

Action by Frederick H. Kellogg against H. Willard Griffiths. From an order requiring of plaintiff a bill of particulars, he appeals. Reversed, and motion for bill denied.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Frederick H. Kellogg, in pro. per.
Lincoln B. Haskin, for respondent.

JENKS, J. This is an appeal from an order of the Special Term for a bill of particulars. The action is brought to dissolve a partnership of no definite term. The plaintiff complains that he and the defendant were to share alike the receipts and the profits; that since the commencement of the partnership the defendant has from time to time applied to his own use from the receipts and profits of the business large sums of money in excess of his proper share, and "in order to conceal the same said defendant, who has always had the management of the copartnership books, has never balanced said books".; that defendant has received the sum of $1,000 over and above his due proportion of the profits; and that he continues to collect the debts and to appropriate them. The prayer is for dissolution and an accounting, a sale of the effects, a discharge of the liabilities, a division of the surplus, an injunction on the defendant, and the appointment of a receiver. The defendant admits the copartnership, denies the other allegations, and alleges that the plain-

tiff has on his part collected and applied to his own use sums due the firm in excess of his share, amounting to more than $1,000. He asks for dissolution, an account, and a receiver. Issue was joined by the service of a reply of denials on October 10, 1907. It appears that the defendant was appointed receiver on September 30, 1907.

The order appealed from required the plaintiff to furnish a bill of particulars of the claims and allegations contained in paragraphs 4 and 5 of the complaint. There is no paragraph 5 in the complaint printed in the record; but I take it that the bill covers the allegations of the receipt of moneys by the defendant in excess of his due share. It will be seen that the allegation is that the defendant has misapplied to his own use moneys beyond his due share, and that to conceal the fact he has not balanced the books; i. e., that the books will show these facts, if balanced. It is not the office of a bill of particulars to have a complaint made more definite and certain, or to compel the disclosure of a party's evidence. Ingraham v. International Salt Co., 114 App. Div. 791, 100 N. Y. Supp. 192; Van Olinda v. Hall, 82 Hun, 357, 31 N. Y. Supp. 495. I think that this case is within the principle of Depew v. Leal, 12 Duer. 664, approved in Blackie v. Neilson, 6 Bosw., at page 683, unless the partner makes claim for moneys "not evidenced by or intelligible from the entries upon the books," one partner "has presumptively as much knowledge of details as the other. To furnish a bill of particulars is to furnish a copy of the books." See, too, American Transfer Co. v. Borgfeldt, 99 App. Div. 470, 91 N. Y. Supp. 209; Fink v. Jetter, 38 Hun, 163.

The order should be reversed, with costs, and the motion denied, with $10 costs.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.