JACOB RODLER and GEORGE BIEWENER, Plaintiffs, *v.* SAMUEL PACHT and Another, Defendants.

Supreme Court, Kings County, March, 1922.

**Mortgage — covenant by mortgagor to pay taxes after notice and demand — when simple demand sufficient to put mortgagor in default — written notice not essential — Real Prop. Law, §§ 254(2), 258(8).**

Section 254(2) of the Real Property Law declares that a covenant in a mortgage to pay taxes must be construed as meaning that should any tax become due or payable and remain unpaid and in arrears for ...... days after written notice by the mortgagee that such tax is unpaid, then the principal sum shall, at the option of the mortgagee, become and be due and payable immediately thereafter. *Held*, that the provision of section 258(8) of the Real Property Law, which relates to the same subject-matter as section 254(2) of the statute, that notice and demand for the payment of taxes due and unpaid " may be in writing and may be served in person or by mail '' is permissive and declaratory rather than mandatory, and where the mortgage does not provide for written notice, it cannot be required.

A bond provided that after default for thirty days in the payment of any tax levied upon the premises described in the collateral mortgage the whole principal sum should at the option of the obligee become due. The mortgage provided that after default in the payment of any tax for thirty days after notice and demand, the whole of the principal sum should become due. Before the commencement of an action to foreclose the mortgage for non-payment of taxes exceeding in amount $1,000, by reason whereof the security of the mortgage was considerably lessened, the plaintiff presented to defendant the official tax bill of the taxes then unpaid, and demanded payment thereof. Payment was not made and at the commencement of the action three installments of taxes on the mortgaged premises were due and unpaid. *Held,* that plaintiff was entitled to judgment of foreclosure and sale as against the contention of the defendant that the presentation of the official tax bill was not such a written notice as is required by section 254 of the Real Property Law.

A mortgagee should not be required to await the actual insolvency or perhaps bankruptcy of his mortgagor before being allowed to enforce his rights.

Action to forec'ose a mortgage.

*Watson, Kristeller & Swift,* for plaintiffs.

*Brennas, Flainnan & Simpson,* for defendants.

Van Siclen, J. This action was brought to foreclose a mortgage because of the non-payment of the taxes. The bond provides: " The whole of said principal sum shall become due at the option of said obligee * * * or after default for 30 days in the payment for any tax or assessment which may be levied or imposed upon the premises described in the mortgage collateral to this bond."

The mortgage provides: " 4. That the whole of said principal sum shall become due * * * after default in the payment of any tax, water rate, or assessment for 30 days after notice and demand."

The defendants failed to pay the taxes due November 1, 1920, and after request and promise to pay, they said that they were not able to take care of the taxes just at that time but would surely have them paid before the May taxes were due. The May taxes, however, became due without the November taxes being paid and the plaintiff procured a bill for the November taxes, and had the interest computed, went to the defendants, notified them that this tax was still unpaid and demanded its payment. Payment was not made and at the time the action was brought both the November, 1920, and May, 1921, taxes were due and unpaid. Later on the November, 1921, taxes became due so that at the commencement of the action there were three installments of taxes on the mortgaged premises due and unpaid.

The defendants now contend that the notice and demand relied upon as the basis for this action was not in writing in conformance of law. They argue that the presentation of the official tax bill

was not such a written notice as is required by section 254 of the Real Property Law. The manifest purpose of this section was to shorten the form of instruments affecting real property and in aid of that purpose the statute sets forth how the shorter forms of expressions recommended for use shall be construed. Paragraph 2 of that section states that a covenant such as contained in the mortgage in suit, " must be construed as meaning that  *  *  * should any tax  *  *  *  become due or payable, and  *  *  * remain unpaid and in arrear for  *  *  *  days after written notice by the mortgagee  *  *  *  that such tax  *  *  *  is unpaid,  *  *  *  then  *  *  *  the aforesaid principal sum  *  *  *  shall, at the option of the said mortgagee  *  *  * become and be due and payable immediately thereafter."

It has not heretofore been held that the section assumed to provide a new and different manner of serving notice in such cases, or that it was intended to do more than interpret and construe such other forms of expression as were recommended for use in real property instruments. There is now a new section 258 whose purpose it is to further abbreviate and shorten the form of instrument affecting real property and it is therein provided (Schedule M) " 8. That notice and demand or request may be in writing and may be served in person or by mail." This provision relates to the same subject-matter as that above discussed with reference to section 254. It is apparent from the reading of this that the provision as to notice is permissive and declaratory rather than mandatory and it does not appear to the court that in the absence of a direct stipulation to that effect, written notice can be required where the agreement of the parties has not so provided.

While it is true that the provision for foreclosure upon failure to pay taxes is somewhat penal in its nature and that foreclosure itself is equitable in character, yet the positions in which the defendants find themselves in this case are not such as to invoke any special consideration in their account. Taxes exceeding $1,000 in amount were due and unpaid upon the mortgaged premises when the action was brought. The security of the mortgage was considerably lessened if not seriously impaired. It must be recognized that a mortgagee should not be required to await the actual insolvency or perhaps bankruptcy of his mortgagor before being allowed to enforce his rights. The court is constrained to resolve all material questions of fact in favor of the plaintiff and to grant the relief sought. Submit proper judgment and decision.

Judgment accordingly.