NOVE HOLDING CORPORATION, Respondent, *v.* MAX SCHECHTER, Appellant, Impleaded with JANE SCHECHTER, His Wife, and Others, Defendants.

First Department, December 3, 1926.

Mortgages — foreclosure — plaintiff elected to declare whole amount due on default in payment of principal for quarter beginning November 1, 1924 — evidence shows owner mailed check on November 1, 1924, which was not received — at same time owner paid amounts due on first and third mortgages — after exchange of letters and after notice of election by plaintiff, owner sent certified check to cover principal and interest — said check was returned — default was purely technical, not willful, and result of accidental loss of letter in mails — court of equity has power to relieve owner — judgment in favor of plaintiff reversed and judgment granted in favor of defendants conditioned on payment of all installments due to date of entry of order.

In an action to foreclose a real property mortgage on the ground that the owner of the property who had purchased it from the mortgagors failed to make a quarterly payment on the principal due on November 1, 1924, which, under the election clause of the mortgage, authorized the plaintiff to call the mortgage, which it did, judgment in favor of the plaintiff is reversed, since it appears that the owner sent a check to the mortgagee on November 1, 1924, for the amount of the principal and interest then due; that the letter containing the check was never delivered and was unavoidably lost in the mail; that on November third plaintiff elected to call the mortgage for default in the payment of principal; that upon receipt of plaintiff's letter electing to call the mortgage the owner

immediately offered to send a certified check to cover the full amount of the principal and interest due and did, two days later, send a certified check for the amount of the principal and interest due on November 1, 1924, which was received by the plaintiff on November eighth, but returned immediately on the ground that the plaintiff had elected to call the mortgage for default in the payment of principal; that the owner did, on November first, send a check to the holders of the first and third mortgages covering the amounts due on those mortgages and that the plaintiff had accepted checks prior to November first which were mailed on the due date.

Under the circumstances outlined it is evident that the default by the owner was unintentional and not willful and was brought about solely through the accidental loss of the owner's letter in the mails.

The court has the power to relieve the owner under the circumstances and, therefore, the judgment in favor of the plaintiff is reversed upon condition that the defendants pay all installments and interest due up to the date of the entry of the order.

Appeal by the defendant, Max Schechter, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 23d day of January, 1926, upon the decision of the court rendered after a trial at the Bronx Special Term in an action to foreclose a mortgage.

*Abraham J. Halprin* of counsel, for the appellants.

*R. S. Johnson* of counsel, for the respondent.

Burr, J. Action to foreclose a mortgage.

The complaint alleges that on or about the 31st of July, 1923, the defendants Abraham Greensid, Feni Greensid, his wife, Sabine Heitler and Samuel Dick, for the purpose of securing the payment to the plaintiff and for and as a part of the purchase price of the premises hereinafter described, and for the purpose of securing the payment to the plaintiff of the sum of $22,000 with interest thereon, executed and delivered to the plaintiff their joint and several bond, bearing date on that day, sealed with their seals, upon the condition that the same should be void if the said obligors should pay to the said plaintiff, its successors or assigns, the sum of $22,000 in installments of $500 of principal quarterly on the first days of November, February, May and August of each year thereafter until fully paid, with the privilege of paying more or the whole thereof at any time, with interest thereon to be computed from August 1, 1923, at the rate of six per cent per annum on the first days of November, February, May and August next ensuing the date thereof on all sums unpaid until fully paid; that it was thereby expressly agreed that the whole of said principal sum should become due at the option of the plaintiff, its successors and assigns, after default in the payment of any installment of principal, or after default in the payment of interest for thirty days, or after default

in the payment of any tax or assessment for thirty days after notice and demand.

That as collateral security for the payment of the said bond and the indebtedness above recited, which said bond and indebtedness were for a half of the purchase money for the premises hereinafter described, the defendants Abraham Greensid, Feni Greensid, his wife, Sabine Heitler and Samuel Dick, on or about July 31, 1923, executed and delivered to the plaintiff a certain indenture of mortgage, bearing date on that day, for said purchase money as aforesaid, of the hereinafter described premises, whereby said defendant mortgagors granted and released unto the plaintiff, its successors and assigns forever, the following described premises: " * * * "

That the said mortgage contained a provision in substance the same as the aforesaid condition of said bond, and also contained an express covenant that the mortgagee, its successors and assigns, in case of default in the payment of any installment of the said indebtedness or interest that might grow due thereon or any part thereof, should have power to sell the mortgaged premises according to law.

That the said defendant Max Schechter has since in or about the month of April, 1924, become the owner of said property by due conveyance thereof, and that the said defendant Schechter, Abraham Greensid, Feni Greensid, his wife, Sabine Heitler and Samuel Dick failed to pay the installment of $500 of principal on said bond and mortgage which became due and payable on November 1, 1924, and for several days thereafter; whereupon this plaintiff duly elected that the whole principal thereof become due and payable, but subsequently and on or about November 12, 1924, accepted $300 of said interest, being the amount of interest due to November 1, 1924, and permitted the said principal to stand without in any manner waiving the election of the plaintiff that the same had become due and payable as aforesaid.

That the plaintiff has and did upon default in the payment of the said installment of principal of $500 by the said defendants aforesaid thereafter and on November first, and in writing on November 3, 1924, elected that the whole principal sum be immediately due and payable, and duly notified the said defendant Max Schechter of such election, which election has not been waived or revoked, and has repeatedly reiterated in writing said election to the defendant Schechter; since which election by the plaintiff and not before, the defendant has offered to pay said installment of $500 of principal, the acceptance of which has been refused by plaintiff, and that there is, therefore, justly due and payable to

31

the plaintiff upon the said bond and mortgage the sum of $20,000, with interest thereon from November 1, 1924, no part of which has been paid.

The defendants as a defense set up in their answer and by the evidence adduced and offered on the trial sought to prove that the alleged default in payment of the installment due and payable November 1, 1924, was not a willful default but was wholly unintentional and at most but a technical default. Defendant Schechter claims he mailed a check for $800 covering both principal and interest to the plaintiff on November 1, 1924, and believed it had been duly received, relying upon the fact that the checks mailed on the due date in payment of the prior installments and interest had been received and accepted by plaintiff without objection.

The case was previously before us on appeal from an order denying the plaintiff's motion for judgment on the pleadings.

The learned justice at Special Term in denying the motion said: " There is a serious question of fact involved whether defendant's check for interest and installment was sent as alleged. If plaintiff accepted previous payments under similar circumstances without complaint the rights of the defendant may be affected by a custom which was thus created. Sound principles of equity compel a consideration of the merits of both the complaint and the defense."

On the appeal taken by the plaintiff from the order denying the plaintiff's motion on the pleadings, this court affirmed said order (215 App. Div. 671).

On the trial Russel S. Johnson, attorney for plaintiff, testified that the plaintiff is a corporation and has its office in his office; that he does all the business for the plaintiff at his office which is at 44 Winston Building, Utica, N. Y. " I attend to all the mail, receive it and answer it." He denied having received any check from defendant in payment of the amount due on the 1st of November, 1924. On cross-examination he denied receiving a check from defendant Schechter on the 3d day of November, 1924. In answer to a question by the court he said: " Why the check never got there. It is true that he paid — this defendant Schechter paid his first interest in May after he got the property, by mailing the check on the 29th of April and it was received on the 30th, and I think acknowledged; then the next check he mailed on the 1st day of August, received on the 2d, and was received, and had this check [referring to the November 1, 1924, check] shown up, we would have accepted it, but it never did show up."

Defendant offered in evidence the check dated August 1, 1924, for $807.50 in payment of $500 on second mortgage, and interest $307.50, due August 1, 1924. The witness Johnson admitted he

acknowledged receipt of it and made no complaint about it. It is admitted that plaintiff wrote and defendant received a letter dated November 3, 1924, informing defendant that no payment having been made of the installment of $500 of principal due November, 1924, " this corporation elects that the whole principal and interest of said bond and mortgage become due and payable forthwith."

On November fifth defendant wrote plaintiff a letter in reply, which was produced by the witness Johnson, and reads as follows:

" Your letter of the 3d inst. on hand and you wrote me that you will demand a draw-back of the principal on November 17, 1924. I fail to see where and what for. I have mailed you a check for $800 on Nov. 1, 1924, # 7188 check, drawn on the Chatham & Phenix National Bank.

" If you do not receive the check till Saturday, please let me know, and I will forward a certified check plus expense for registered mail.

" Hoping to hear a favorable reply."

Defendant called upon the witness " to produce letter of November 6, 1924. The Witness: There is no letter of November 6th. There is a letter which may help you on November 5th, the same date as that other letter from Schechter, from Mr. Z. M. Delman, his attorney."

This letter was offered in evidence but on objection by plaintiff was ruled out, to which defendant duly excepted. The court stated: " It is conceded you sent a letter offering to pay."

The letter was then marked for identification and reads as follows:

" *November* 5, 1924.

" NOVE HOLDING CORPORATION,
          " 44 Winston Building,
                    " Utica, New York.

" GENTLEMEN.— I am the attorney for Max Schechter, the owner of No. 1005 Kelly Street, Bronx, New York. He has just handed me your letter of November 3rd, in which you call in the entire mortgage of $20,000.00 by reason of the fact that Mr. Schechter failed to make payment of the installment which was due on November 1st, 1924.

" Mr. Schechter assures me that a check was mailed out to you for $800.00 on the first of November, and in view of the fact that the first was a Saturday, I believe that payment by the mailing of a check Saturday morning would not be construed as a default, especially as the payments made of the prior installments were similarly made by the mailing of a check on the day they were due.

" If the check mailed to you on Saturday has gone astray, please

advise me and a certified check will immediately be mailed to you for the full amount, plus any additional interest or costs which you think you may be entitled to.

" A reply by return mail will be appreciated.

" Very truly yours,<br>" Z. M. DELMAN."

Defendant then offered in evidence a letter sent by plaintiff to defendant dated November 7, 1924, to which plaintiff objected and as to which there was the same ruling and exception was duly noted. The letter was marked for identification and reads as follows:

" *November* 7, 1924.

" Mr. Max Schechter,
    " 227 Stanton Street,
        " New York City.

" Dear Sir.— Yours of the 5th at hand. The only safe thing for you to do is to stop the payment on your check that you say you sent November 1st, and send your check for $300 interest, as this mortgage is called.

" It is your place to have the principal here on the day it is due which is on the 1st of the month, so it makes no difference whether you sent a check that day or not, as that is the day it should have been here. You can readily get this mortgage carried there, and you must do so. It will be assigned to anyone you desire.

" Yours truly,<br>" NOVE HOLDING CORPORATION,<br>" By L. M. Ballister,<br>" *President-Treasurer.*"

Defendant offered in evidence a letter from plaintiff to defendant dated November 8, 1924, which on objection by plaintiff was ruled out and marked for identification, to which defendant duly excepted. It reads as follows:

" Nove Holding Corporation<br>" 44 Winston Building<br>" Utica, New York.

" *November* 8, 1924.

" Mr. Max Schechter,
    " 227 Stanton Street,
        " New York City.

" Dear Sir.— Yours of the 7th instant, enclosing certified check of $800, bearing date that day, No. 7208, just received by registered mail, and the same is herewith returned to you as you are in default of the payment of the principal due on the 1st instant on this mortgage, and this mortgage has been called by

the election of this corporation to have the whole amount become due, in accordance with the provisions thereof. It will be assigned to anyone whom you desire, but it must be taken up, so all your efforts to the contrary must prove futile; but you must forward your check of $300, for the interest at once, on receipt of which nothing will be done until the 17th instant.

" Yours truly,

" NOVE HOLDING CORPORATION,

" By L. M. Ballister,

" *President-Treasurer.*"

The certified check for $800, dated November 7, 1924, sent by the defendant to plaintiff in payment of the installment and interest was offered and received in evidence.

It is conceded that on the eleventh of November, in response to the request of plaintiff contained in its letter of November 8, 1924, defendant sent his certified check for $300 for the interest due November first, which interest was received and retained by plaintiff.

The defendant Schechter testified that on the 1st day of November, 1924, he mailed to plaintiff his check, dated November 1, 1924, for $800, drawn on the Chatham and Phenix National Bank to the order of plaintiff, inclosed in an envelope properly stamped; that he mailed the envelope at the post office station corner of Pitt and Stanton streets, New York city; that the envelope was one of the envelopes used by him in his business having his name and address thereon, and that such envelope was addressed to Nove Holding Corporation, 44 Winston street, Utica, N. Y.; that the envelope was never returned to defendant; that plaintiff's name was written on the envelope by his son Murray Schechter, and the son being called as a witness testified to writing out the envelope for his father on the 30th day of October, 1924. Defendant was asked if at the same time he mailed a check for the first mortgage interest to the Citizens Trust Company of Utica. This was objected to. Objection was sustained and defendant duly excepted. He was also asked: " Q. Did you at the same time send a check for the installment of interest on your third mortgage? A. Yes. Mr. Johnson: Objected to as incompetent and immaterial. The Court: Objection sustained. Strike out the answer. Exception."

Defendant was permitted to testify that the receipt of the check he mailed November 1, 1924, to the Citizens Trust Company was acknowledged by them.

Defendant offered in evidence the check dated November 1, 1924, for $1,140, to the order of the Citizens Trust Company, the

holder of the first mortgage, and also the check dated November 1, 1924, for $265 to the order of Joseph Sager, the holder of the third mortgage. Both of which on objection were ruled out and after exception were marked for identification.

Defendant produced his check book and testified he made the entries therein and that on November 1, 1924, he made the entries of these three checks numbered 7187, 7188 and 7189.

Defendant offered in evidence the check book, particularly the check stubs numbered 7187, 7188 and 7189. Objection to their receipt in evidence was sustained and defendant excepted.

The defendant testified that after he was notified by Mr. Johnson that they had not received the check he sent on November 1, 1924, he stopped payment on that check. The stop payment notice was ruled out.

Defendant offered to show that he had sent checks for all installments of principal and interest coming due since November, 1924, defendant's attorney stating: " I want to show we have always offered to pay the four installments that have accrued since the commencement of the action." This the court ruled out as incompetent and immaterial.

The court then asked Mr. Johnson, plaintiff's attorney and witness: " Do you concede that had he mailed a check as testified on the 1st day of November, it would have been sufficient to relieve him in this action? Mr. Johnson: If I had received the check on November 3d or two or three days after, I would have taken that * * *. Not had he mailed it, but had we received it."

Judgment in favor of plaintiff was granted by the court and from that judgment the defendant appeals.

The court found, as requested by defendants, " That the defendants were not requested by the plaintiff to pay the installment and interest which became payable on November 1, 1924, and the plaintiff did not notify the defendants that the said installment and interest must be paid on the day that the same became due and payable."

The court found that the plaintiff had been paid the installment of principal and interest due in April, 1924, by check mailed by defendant and that the same was true of the installment due in August, 1924.

I think this is a case where the default was not willful and where it would be inequitable to enforce it. The defendant offered proof to show that on the 1st day of November, 1924, the day on which he swears he mailed the check for $800 to plaintiff to pay the installment of principal and interest due that day on the second mortgage, he mailed a check for $1,140 to the holders of the first

mortgage and a check for $265 to the holder of the third mortgage. These checks although ruled out by the court are in the record marked for identification and show convincingly that they were so received and deposited to the credit of the payees. The check stubs corroborate defendant.

Plaintiff in its letter to defendant advised defendant to stop payment on the $800 check which plaintiff says it did not receive, and defendant offered to show he had taken the necessary steps to stop payment. All this proffered testimony was ruled out. Evidently the court held the view that the default of defendant admitted of no excuse or explanation.

It is hardly credible that defendant would be alert to pay the amounts due on the first and third mortgages and willfully default on the payment due on the second or purchase-money mortgage. I think this case bears all the earmarks of a technical or unintentional default.

Immediately upon being notified by plaintiff's letter of November third that because of the failure of defendant to make the payment due November first plaintiff elected to call for payment of the whole amount of the mortgage, defendant sent a certified check for the $800 and offered to pay any extra interest or charges necessary.

Defendant, I think, acted in good faith. He sent the check on November first to plaintiff at the same time he sent a check to the other mortgagees. Plaintiff did not receive its check through some unaccountable accident. The envelope inclosing it was never returned. The letter may have been lost or stolen in the mails. The other checks mailed at the same time were received. There can be no doubt about that. The checks and the indorsements thereon speak for themselves. Has the court the power to relieve defendant under the circumstances? I think it has.

In *Trowbridge* v. *Malex Realty Corporation* (198 App. Div. 656, 662) this court, through MERRELL, J., said: "As to the power of a court of equity to relieve a mortgagor from a mere technical default in payment where such default is not willful, there can be no doubt." (Citing cases.)

In that case the court after a careful review of the law on the subject relieved the mortgagor from the forfeiture resulting from its default in the payment of interest.

The power to relieve does not depend upon the character of the payment defaulted. The question is not as to whether the omitted payment was for principal or interest or taxes. The question equity seeks to solve is whether the default in the payment was or was not willful and its enforcement inequitable.

I do not think the evidence here warrants the conclusion that

the default in the payment of the $500 installment of the principal due November 1, 1924, was willful. On the contrary, I think the evidence clearly shows that the default was wholly unintentional and was the result of an accident over which defendant had no control. The judgment should be reversed, without costs, and judgment granted in favor of defendants, conditioned on the pay-. ment of all installments of principal and interest due by defendants at the time of the entry of the order to be entered hereon within ten days after the entry of such order.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Judgment reversed, without costs, and judgment granted in favor of defendants, conditioned on the payment of all installments of principal and interest due by defendants at the time of the entry of order to be entered hereon within ten days after entry of such order. Settle order on notice.