CLARA G. YORK, Plaintiff, *v.* MICHAEL HUCKO and Another, Defendants.

County Court, Madison County, January 19, 1933.

*Leon L. Arthur* for the plaintiff.

*Leo O. Coupe* for the defendants.

CAMPBELL, J.    This is an action to foreclose a mortgage given by defendants to plaintiff on September 20, 1930, on a farm in the town of Brookfield, Madison county, N. Y.

The bond and mortgage provided for the payment of the sum of $2,300, as follows: " Interest of 6% payable semiannually and with privilege of paying $50 or more of principal on interest days.    Five Hundred Dollars ($500) of principal to be paid in four years.    Total amount of principal and interest to be paid in ten years."    There has been no default in payments of principal or interest.

Plaintiff alleges and contends, however, that since the defendants failed to pay the State and county tax for the year 1931 she is entitled to maintain this action.    The property described in the

mortgage was regularly and duly sold by the county for such taxes at the tax sale held October 6, 1932, and bid in by the county of Madison, and later purchased by plaintiff, on October 13, 1932, for the sum of ninety-five dollars and thirty-eight cents. The mortgage provides that if there be default in the payment of tax for a period of thirty days " after notice and demand," the whole principal sum shall become due.

After the action was started by the service of a summons and complaint defendants tendered to plaintiff's attorney the payment of the tax in full.

Defendants contend that the action should not be maintained for the following reasons:

*First.* Plaintiff has failed to establish facts sufficient to constitute a cause of action.

*Second.* Equity will not permit the defendants under the facts to be deprived of their property.

The first contention is based on the failure of plaintiff to give written notice as designated by section 254 of the Real Property Law. No written notice was ever served by the plaintiff. Only once has the meaning and scope of this section been interpreted by any court of this State. *Rodler* v. *Pacht* (118 Misc. 331) is a case in which this section is discussed. It is held that the notice is permissive and declaratory rather than mandatory and that written notice is not required in the absence of a specified stipulation to that effect.

After careful consideration of this section the court agrees with the construction placed upon this section in the *Rodler* case and holds that the complaint should not be dismissed because of failure to give notice of the default and election.

In regard to the second contention that equity should not permit the plaintiff to maintain this action: The defendants are Polish people and are at a disadvantage in their understanding of the language, laws and customs of our government and people. Plaintiff went to the home of defendants on several occasions in the year 1932 and at different times conversed about the unpaid taxes and other matters. The defendant Victoria Hucko told plaintiff on one occasion, at least, that she intended to sell her poultry and pay the taxes; eventually she did this very thing. The defendants were informed, upon inquiry of a deputy sheriff of this county in writing, that they had six months from the time of the sale in which to pay the tax. Of course, such information would have no legal effect, but it bears upon the willful intention of the defendants.

The plaintiff contends that since a wood lot has been cut off and sold by the defendants, the value of the property has been impaired

by them, but neither the bond nor mortgage contains a restrictive clause. It appears, however, that a new silo and hen house have been built by defendants on the premises and that the cutting of the wood lot has not decreased the value of the farm beyond these improvements. Competent witnesses testified that the value of the farm was from $3,500 to $5,000 at the present time. Plaintiff offered no evidence disputing these facts. It would appear that the security is ample and defendants have not impaired the value of the farm. Whatever depreciation there may be, if any, is due to the present economic conditions.

The further fact appears, and which in the mind of the court is a very conclusive one, that the defendants paid the 1931 interest according to the terms of the mortgage. These semi-annual payments were made after the taxes were due. Had defendants intended to default and allow the farm to be sold for taxes it would hardly seem that they would have paid the 1932 interest as they did. In view of these facts the court holds that there was no willful default. (See *Nove Holding Corp.* v. *Schechter*, 218 App. Div. 479, 487; *Shaw* v. *Wellman*, 59 Hun, 447; *Germania Life Ins. Co.* v. *Porter*, 124 App. Div. 514.)

In *Nove Holding Corp.* v. *Schechter* (*supra*) the court specifically stated: " The power to relieve does not depend upon the character of the payment defaulted. The question is not as to whether the omitted payment was for principal or interest or taxes. The question equity seeks to solve is whether the default in the payment was or was not willful and its enforcement inequitable."

It is more specifically pointed out in *Shaw* v. *Wellman* (*supra*). that action should not be maintained under like conditions. " It further appeared that these taxes were paid on the 21st of October, 1889, and the fact was alleged by a supplemental answer as a defense to the action. This payment in its effect fully restored all the rights intended to be protected by this part of the mortgage. It indemnified both the plaintiff and his assignee against all possible prejudice or loss arising from the default. And when that appears to be the fact, it is the policy of courts of equity to consider the default to have been redeemed by the payment. When indemnity can, in this manner, be secured, and that shall in fact be made, then the rule in equity is not to enforce the forfeiture otherwise coming into existence. \* \* \* On this fact of payment of the taxes, a defense was also presented to the action."

Under the facts and the authorities the court deems it equitable that the defendants should be relieved from the default, and especially in view of the unusual economic conditions which confront our agricultural population.

Therefore, upon payment of the taxable costs to the date of the tender of the taxes paid by the plaintiff and within ten days from the date of a notice served by plaintiff's attorney on the defendants' attorney, the defendants may be relieved from the default and the complaint dismissed.